Filed Nov. 27, 1883.

---

No. 10,897.

## WALLACE ET AL. *v.* ROWLEY, ADMINISTRATOR.

MARRIED WOMAN.—*Contract.—Promissory Note.*—Under the act of 1879, . Acts 1879, p. 160, the promissory note of a married woman, given for money borrowed to carry on a business in which she was engaged on her own account, was valid.

PAYMENT.—*Promissory Note.—Former Adjudication.—Decedents' Estates.* —In a suit by an administrator upon a note, it was pleaded and proved that the defendant had filed a larger claim against the estate, giving credit thereon for the money which was the consideration of the note, and recovered the balance of the claim, after deducting the credit, there having been no question as to the credit either by pleading or proof. *Held,* that this constituted a payment of the note.

From the Fulton Circuit Court.

*I. Conner,* for appellants.

*M. L. Essick* and *G. W. Holman,* for appellee.

BICKNELL, C. C.—The appellee, as administrator, brought this suit against the appellants, upon a note and mortgage given to his decedent; the note was signed by Elmira M. Wallace only, the mortgage was executed by both the appellants; the complaint demanded a personal judgment against Elmira and a foreclosure as to both defendants.

The defendant Robert Wallace answered the complaint by a general denial; the defendant Elmira answered in two paragraphs:

1st. That at the time of the execution of the note she was the wife of Robert Wallace, who is yet alive.

2d. That she prosecuted to judgment in said court, at No-

vember term, 1882, a suit against the plaintiff in this suit, and that one of the items of credit adjudicated in said cause was the same claim now prosecuted in this suit.

The plaintiff replied to said Elmira's answer in two paragraphs:

1st. A general denial of the entire answer.

2d. A special reply to the first paragraph of the answer, admitting the coverture as alleged and averring that when the note was executed, said Elmira was carrying on trade and business on her sole and separate account, to wit, keeping a hotel, and also selling goods, in Fulton county, Indiana, and that the money for which said note was given, was lent to her to be used in and about her said separate trade and business.

The defendant Elmira demurred to said second paragraph of reply for want of facts sufficient, and her demurrer was overruled.

Upon the issues thus joined the cause was tried by the court, who, at the request of the defendants, made a special finding and stated conclusions of law thereon, to wit:

1. Daniel Jones died intestate on December 13th, 1881, and the plaintiff is his duly qualified administrator.

2. On December 17th, 1879, the defendant Elmira M. Wallace was, and long before had been, and still is, the wife of her co-defendant Robert Wallace, and owned in her own right a hotel in said county, known as the Wallace House, which she kept and conducted upon her own sole and separate account.

3. That she borrowed from said Daniel Jones, on and before December 17th, 1879, several sums of money, in all $215, for which she gave the note in suit, said borrowed money being the sole consideration for said note.

4. That to secure said note she and her said husband executed the mortgage mentioned in the complaint, the property therein described being the separate property of said Elmira.

5. That after the decease of said Jones said Elmira filed a claim against his estate, comprising charges amounting to $386.40, with a credit as follows: Cash, December, 1879,

$215, interest one year $17.20, which left a balance due her
of $154.20, which she claimed; and that on December 4th,
1882, she recovered upon said claim a judgment against the
plaintiff as administrator of said Jones, for said $154.20, and
that said credit, so entered upon said account, was the princi-
pal of the note now in suit, and the interest then due; that
there was no contention or controversy on the trial of said
claim as to said item of credit, but the only contention was
concerning the balance demanded, to wit, $154.20, and no
reference was made to said credit in said action, either in the
pleadings or proof, except as aforesaid.

6. The money so borrowed was borrowed for the purpose
following: One hundred and fifteen dollars was to be used
by said Elmira in and about her said separate business of ho-
tel keeping, and was so used; one hundred dollars thereof
was borrowed by said Elmira to be used, and was used, to
pay the premium or premiums due from her upon a policy
of insurance upon her own life theretofore issued to her, which
policy, in the event of her death, was payable to, and was
made and procured for the use and benefit of, her said husband Robert Wallace.

"And as a conclusion of law upon the foregoing facts the
court finds that the plaintiff ought to recover of and from the
defendant Elmira the sum of $144.38, being the amount of
said note, deducting said $100 borrowed and used for the pay-
ment of said premium upon said life policy, and that the
mortgage is forfeited, and ought to be foreclosed and said land
sold as against both of said defendants for the payment of
that sum, the interest thereon and the costs of this pro-
ceeding."

The defendant Elmira excepted to the conclusions of law.
Judgment was rendered for the plaintiff pursuant to the con-
clusions of law. The defendants appealed. The errors as-
signed are:

1. Overruling the defendant Elmira's demurrer to the sec-

ond paragraph of the plaintiff's reply to the first paragraph of her answer.

2. The court erred in its conclusions of law.

The first question presented is was the note of a married woman valid under the legislation of 1879, if given in the course of her separate trade and business, for money borrowed to be used, and actually used, in carrying on such separate business? ·The appellants claim that, notwithstanding the provisions of the act of 1879, Acts 1879, p. 160, by which this case is governed, the note of a married woman was absolutely void, and never became valid until it was made so by the legislation of 1881, R. S. 1881, section 5115, which abolished almost all the disabilities of married women.

The provisions of the act of 1879 aforesaid, which affect the question under consideration, are as follows:

" Sec. 2. A married woman may carry on any trade or business, * on her sole and separate account. The earnings and profits of any married woman accruing from her trade, business, services or labor, other than labor for her husband or family, shall be her sole and separate property.

" Sec. 3. A married woman may enter into any contract in reference to her separate personal estate, trade, business, labor or service, * the same as if she were *sole,*" etc.

" Sec. 8. A husband shall not be liable for any debts contracted by the wife in carrying on any trade, labor or business on her sole and separate account."

Under the foregoing provisions, a woman might have carried on any business on her sole and separate account; she might have entered into any contract in reference to such business; she might have contracted debts in such business for which she would have been personally liable.

The provisions under consideration include the power to borrow money to be used in such separate business, and to promise to repay it by a valid promissory note.

The court, therefore, did not err in overruling the defend-

ant Elmira's demurrer to the second of the plaintiff's reply to the first paragraph of said Elmira's answer.   But the court did err in its conclusions of law upon the special findings.

The second paragraph of the defendant Elmira's answer alleged, in substance, that in a former action by her against the present plaintiff as administrator of said Jones, she had given him a credit for the same claim, which is the cause of action in the present suit.   The reply to this answer was the general denial.   The special finding states that said Elmira had brought such a suit on a claim for $386, upon which were the following credits:

Cash, December, 1879 . . . . . . . . . . . . . . $215.00
Interest one year . . . . . . . . . . . . . . . .    17.20
And that in said suit she recovered a judgment for $154.20, the difference between the claim and the credit.

The appellee claims that the former suit can not be regarded as an adjudication of any matter now in controversy, because in the former suit the credit was for cash and interest, and the present suit is upon a note.

The special findings, however, show that the note in suit was given for cash—borrowed money; the amount credited was the amount of the note and interest; the court finds that " said credit, so entered upon said account, was the principal of the note now in suit, and the interest then due."   The note, therefore, was paid; the present plaintiff received in the former suit the same money he claims in this suit, and it makes no difference that there was no contention or controversy in the former suit about the credit.   It being found that the plaintiff in the former suit offered a credit for the amount of the note and interest, and that the defendant in the former suit received the credit, and that judgment was rendered accordingly, the second paragraph of the defendant Elmira's answer in the present was substantially proved, and the conclusion of law should have been that the plaintiff take nothing by his suit.

The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellee, and this cause is remanded, with instructions below to state a conclusion of law in accordance with this opinion. .

