No. 11,315

ROTHSCHILD *v.* RAAB.

MARRIED WOMAN.—*Promissory Note.—Purchase of Personal Property.*—A promissory note executed by a married woman for the price of personal property purchased by her while the act of March 25th, 1879, concerning married women (Acts 1879, p. 160), was in force, is a valid, legal and binding contract.

From the Superior Court of Allen county.

*J. Morris, C. H. Aldrich* and *J. M. Barrett,* for appellant.
*R. Stratton* and *J. M. Robinson,* for appellee.

HOWK, C. J.—In this case the appellee's demurrer to the appellant's complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was sustained by the court. The appellant failing to amend his complaint, judgment was rendered against him for the appellee's costs.

The ruling upon the demurrer to his complaint is the only error assigned here by the appellant, and it presents for our decision the single question of the sufficiency of his cause of action.

The complaint counted upon a promissory note, executed by the appellee to the order of C. L. Hill and endorsed by him to the appellant, of which note the following is a copy:

"FORT WAYNE, IND., Dec. 13, 1880.

"Twelve months after date, I promise to pay to the order of C. L. Hill, *out of my separate estate,* forty-six dollars and eighty cents, with interest at eight per cent. per annum from maturity and attorney's fees—value received, without relief from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note. The instrument hereafter mentioned shall remain the property of C. L. Hill, and subject to his direction until this note is paid in full. No credits allowed unless endorsed on note at the time payment is made—negotiable and payable at the Hamilton

National Bank of Fort Wayne, Indiana. One machine manufactured by Wheeler and Wilson.

" (Signed)      CHRISTINA RAAB."

In his complaint, the appellant alleged, *inter alia*, that the note in suit was given for a " Wheeler and Wilson sewing machine," and that, in executing and delivering such note, the appellee contracted and the note was given, in reference to the personal estate of the appellee, who then and since was a married woman;' and that the note and attorney's fees were due and unpaid. Wherefore, etc.

It will be observed that the note in suit was executed by the appellee, on the 13th day of December, 1880. At that time the act of March 25th, 1879, concerning married women, was the law of this State, prescribing the powers of a married woman to enter into any contract, and fixing her liability on any such contract. In section 3 of this act it was provided as follows:

" A married woman may enter into any contract in reference to her separate personal estate, trade, business, labor or service, and the management and improvement of her separate real property, the same as if she were sole, and her separate estate, real and personal, shall be liable therefor on execution or other judicial process." Acts 1879, p. 160.

It is claimed by appellee's counsel, that this section of the statute did not authorize a married woman to enter into a contract, such as the note in suit, for the payment of the price of personal property, such as a sewing machine, purchased by her. Doubtless this was the construction given by the court below to the section of the statute, in sustaining the demurrer to appellant's cause of action. This court, however, has given the section quoted a different and more liberal construction. In *Wulschner* v. *Sells*, 87 Ind. 71, the suit was against a married woman upon a promissory note, executed by her on the 2d day of March, 1880. She answered, setting up her coverture; and, to this answer, the plaintiff replied specially that the note was given in pursuance of a

contract between the payees and the maker, in reference to her separate personal property, for the purchase of personal property by her from the payees for her own use, which property was delivered to her, and which she then had.   In considering the sufficiency of this reply to withstand a demurrer, after quoting the provisions of section 3, above quoted, this court said:   " The note being dated March 2d, 1880, there was no error in overruling the demurrer to the reply."

The case cited must be regarded as decisive of the question that, under section 3, above quoted, a promissory note executed by a married woman for personal property, purchased by her for her own use, is a valid and binding contract, which she was authorized to enter into.   See, also, *Haas* v. *Shaw*, 91 Ind. 384.

For the reasons given, we are of opinion that the court erred in sustaining the appellee's demurrer to the appellant's complaint.

The judgment is reversed with costs, and the cause remanded with instructions to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.

Filed Feb. 15, 1884.