Chandler *v.* Spencer.

No. 12,024.

CHANDLER *v.* SPENCER.

MARRIED WOMAN.—*Promissory Note.*—*Consideration.*—*Principal and Surety.*
—*Pleading.*—Where, in an action against a married woman, on a prom-
issory note, she answers her coverture, and that she executed the note as
surety for a co-defendant, a reply that the consideration of the note was.
personal property purchased by her for use in her separate business, is.
good, without alleging that the property was delivered to or received·
by her.

SAME.—*Purchase of Personal Property.*—*Delivery to Third Person.*—*Evidence.*
—For evidence held sufficient to sustain a finding against a married·
woman, holding her liable as principal upon a promissory note exe--
cuted for personal property contracted for and delivered to another, see·
opinion.  ·

From the Howard Circuit Court.

*W. R. Payne, R. Vaile* and *F. Cooper,* for appellant.

*J. L. Custer, J. C. Blacklidge, W. E. Blacklidge* and *B. C..
H. Moon,* for appellee.

MITCHELL, J.—Robert J. Spencer brought this suit against.
Malinda A. and Richard M. Chandler, to recover the amount
due on three promissory notes alleged to have been executed;
by the defendants to one Butler.   The notes were payable at
a bank in this State.   It is alleged that they were assigned
for a valuable consideration before their maturity.

Malinda A. Chandler answered that she was a married wo-
man at the time she executed the notes, and that she received
no part of the consideration upon which the notes were given,
but signed them merely as the surety for her co-defendant,
Richard M. Chandler.

To this answer the plaintiff replied that the consideration
of the notes was certain personal property, purchased by Ma-
linda A. Chandler, for use in her own separate business, from·
the payee named in the notes.

This reply was held sufficient on demurrer.   The appellant
claims that this ruling was erroneous.   She makes the point.
that because the reply does not aver that the personal prop--

erty, alleged therein to have been purchased by her, was delivered to or received by her, it is not sufficient. *Rothschild* v. *Raab*, 93 Ind. 488; *Wulschner* v. *Sells*, 87 Ind. 71.

The question raised upon the pleading relates to the character in which the appellant signed the notes, whether as principal or surety. If it was true that the consideration of the notes was personal property purchased by the appellant for use in her own separate business, she was not surety. If the property never was delivered in pursuance of the contract of purchase, that fact might constitute a good defence to the notes, but, of itself, it would not constitute the purchaser a surety, nor would the defence of suretyship be available, merely because there had been a failure to deliver the property purchased.

The appellant claims that the finding of the court is not sustained by the evidence, and that her motion for a new trial should therefore have been sustained.

The notes were executed in April, 1883. There is no dispute but that the appellant was a *femme covert* at the time.

The evidence tends to show that Mrs. Chandler owned and kept a hotel at Russiaville, in Howard county. Richard M. Chandler was her nephew. He is sometimes spoken of as her adopted son. He was about twenty years old at the time, and had been raised by Mrs. Chandler. Butler, the payee of the notes, was a manufacturer of carriages, residing at Marion, Indiana. R. M. Chandler negotiated with Butler for a carriage, two buggies and a sample-wagon. At the time the vehicles were ordered he told Mr. Butler that his aunt would purchase them; that she was intending to start him in the livery business. Before the carriages were shipped, Butler went to Russiaville and saw Mrs. Chandler. He testified that he told her that the vehicles had been ordered, and asked her whether it was satisfactory to her, and that he said to her that he was selling them to her. He testified further, that she told him at the time that she was starting the young man up in business, that she was buying the property for him. He

then produced the notes and directed her where to sign her name. She signed them as directed, and requested that R. M. Chandler should sign also, which he accordingly did, Butler saying at the time that it was immaterial to him whether the young man signed the notes or not. The vehicles were subsequently shipped to R. M. Chandler, one of them having his name painted thereon. The vehicles were kept and used in the barn owned by Mrs. Chandler. So far as the testimony shows the property and livery business were under the control of R. M. Chandler.

It does not appear from the testimony whether the appellant ever had, or claimed any control over, or ownership in, the property after it was placed in the barn on her premises.

The question is, whether upon the facts stated the appellant is liable as principal on the notes, or whether the contract was as to her a contract of suretyship.

The evidence in this case is not entirely satisfactory. While it is true that a married woman may bind herself by an executory contract, the consideration of which is personal property purchased by her for her own use, and the ownership of and title to which vests in her, even though such property be contracted for and delivered to another in her behalf, she can not so bind herself when property is purchased, the title to which is to vest in another.

Although the contract in this case was negotiated by R. M. Chandler, he assumed to negotiate on the appellant's behalf, and she subsequently ratified what he did. Butler was informed in the start that the appellant was to become the purchaser. When informed of what had taken place, the appellant said it was satisfactory. When told that the sale was being made to her, she did not dissent, but replied that she was starting her nephew in business, that she was purchasing the property for him.

Taking the whole evidence together, the court may have inferred that although the purchase was made to start the

minor in business, the appellant retained the title and owner-ship in herself.

The property was taken into and kept in her barn, and was in a sense in her possession, and used in connection with her business.

There is also evidence from which it may be inferred that she was regarded as the owner, notwithstanding the supervision of the property and the letting of it were in a measure entrusted to her nephew.

While conceding that the evidence is meager and unsatisfactory as it appears in the record, we can not say that the finding of the court is without any support.

The judgment is affirmed with costs.

Filed Feb. 23, 1887.