No. 14,531.

THACKER v. THACKER ET AL.

125 489
142 501

125 489
149 19
125 489
159 164
159 165

MARRIED WOMAN.—*Promissory Note.—Suretyship.—Agreement by Wife to Occupy Relation of Principal.*—A married woman is not bound by a note executed by herself and husband jointly for the purchase-money of real estate purchased by and conveyed to the husband, she having neither received nor contracted for any part of the consideration, even though it was agreed that she should be bound as principal.

SAME.—*Judgment by Default.—Relief from.*—But where such married woman has suffered judgment by default she will not be relieved therefrom on the ground that she had a meritorious defence, namely that she did not sign the note, where the evidence tends to show that she did sign the note, and that her failure to defend was due to the belief that she was bound by it until after the judgment was rendered and her property was sold.

JUDGMENT.—*Default.—Legal Rights.—Failure of Defendant to Inform Himself of.*—One who fails to inform himself of his legal rights can not have a judgment taken against him by default set aside on account of surprise, mistake or excusable neglect, where there is good reason to believe that his neglect to appear was because he supposed he had no available defence.

From the Morgan Circuit Court.

*G. A. Adams, J. S. Newby* and *M. H. Parks,* for appellant.
*W. R. Harrison* and *W. S. Shirley,* for appellees.

MITCHELL, J.—Catharine Thacker made an application to be relieved from a judgment which she alleged had been taken against her by default through her mistake, inadvertence, surprise and excusable neglect, and against which she averred she had and has a meritorious defence.

The evidence tends to show that in March, 1885, Mrs. Thacker, a married woman, wife of Jacob Thacker, executed a promissory note as joint maker with her husband and John T. Thacker, the consideration of which was certain real estate purchased by and conveyed to her husband. The evidence also tends to show that in order to procure John T. Thacker to sign the note it was agreed and understood that the appellant, Mrs. Thacker, would be bound as principal.

After the note fell due a personal judgment was taken by default against all the makers, and later on Mrs. Thacker's separate real estate was sold on execution to satisfy the judgment, the appellee John T. Thacker becoming the purchaser, and in due time receiving a deed from the sheriff.

The claim of the appellant is (1) that she never signed the note, and (2) that if she did she received no part of the consideration, and that the contract was therefore one of suretyship and void as to her, within section 5119, R. S. 1881.

While admitting that she was duly served with process when suit was instituted on the note, her claim is that she was informed by her husband, upon whom she relied, that the suit in which she had been summoned to appear and answer was brought to foreclose a mortgage in which she had joined, covering the real estate purchased by her husband, to secure the deferred payments of purchase-money, that any judgment rendered therein could not affect her separate property, and that it was, hence, wholly unnecessary for her to appear and answer.

Every material proposition in the case was controverted, and the evidence was contradictory upon every disputed point.

Upon the evidence the court was fully justified in finding that the appellant signed the note in question, but it is also clear that if she had appeared at the proper time and presented it, she had a full and complete defence to the suit.

The note having been confessedly given as part of the purchase-price of real estate conveyed to her husband, the appellant having neither received nor contracted for any part of the consideration upon which the note was executed, the fact, if it be a fact, that she signed it upon an agreement that she should occupy the attitude of a principal, is of no consequence. As has often been said, suretyship is a fact collateral to the contract, and arises out of the equities existing between the parties. The test by which to determine the true relation of a married woman to a contract in which she

has become a joint promisor with others, is not what relation she agreed to occupy, but what she received, or what she was to receive, in consideration of her promise. If in fact she neither received nor contracted for any benefit, but signed upon a consideration, the benefit of which was received by one of the joint promisors, then no matter that she may have agreed to be bound as principal, the law assigns to her the status of a surety, and she will not be bound unless she has in some way estopped herself from setting up the facts. *Vogel* v. *Leichner*, 102 Ind. 55; *Cupp* v. *Campbell*, 103 Ind. 213.

It is abundantly clear that the appellant was not bound by the note in question. It remains to be determined whether or not, under the facts disclosed, the appellant ought to be relieved from the judgment.

The defence which the appellant proposed to make had for its foundation the assertion that she did not sign the note in any capacity; that she did not sign it at all, and with the weakening of the foundation the whole structure of her defence became unsupportable.

The evidence demonstrates quite satisfactorily that the appellant signed the note, and that she undertook to assume the relation of principal as between herself and the appellees. Conceding that, as between the parties who had knowledge of all the facts, this agreement was ineffectual to make her liable, the facts nevertheless tend strongly to show that she signed the note, and that she supposed that she was bound by it until after the judgment was rendered and her property was sold. The court may have arrived at the conclusion that the reason for the appellant's failure to appear and defend, resulted not from any mistake concerning the facts but from the want of information as to her right to set up the defence of suretyship until after the judgment had been obtained and satisfied by the sale of her property.

One who fails to inform himself of his legal rights, can not have judgment taken against him by default set aside on ac-

count of surprise, mistake or excusable neglect, where there is good ground to believe that his neglect to appear was because he supposed he had no available defence. A mistake as to one's legal rights is not available to one who simply neglects to obtain or seek information.

It is quite true if the facts were conceded, or had been found to be as claimed by the appellant, her right to be relieved from the judgment would be plain enough, but the court heard the parties and the witnesses, and came to a conclusion adverse to the appellant, and we can not say upon the whole evidence that the conclusion was not justified. Certainly, there is evidence which tends to sustain the conclusion of the court.

The judgment must, therefore, be affirmed, with costs.

Filed Oct. 28, 1890.