Crisman *v.* Leonard *et al.*

No. 14,603.

## CRISMAN *v.* LEONARD ET AL.

**MARRIED WOMAN.**—*Lease of Farm in Her Own Name.—Liability on Notes.*—Where a married woman leases a farm in her own name, acquiring the right to its possession and the rents and profits thereof, for which she executes her notes, she is bound by such contract, and the fact that she permitted her son-in-law to occupy the premises, who did not, in fact, pay her rent, does not affect her liability.

From the Porter Circuit Court.

*A. D. Bartholomew* and *H. A. Gillett,* for appellant.
*W. Johnston,* for appellees.

COFFEY, J.—This was an action by the appellees against the appellant, upon several promissory notes. The appellant answered, that at the time of the execution of the notes in suit she was a married woman. Reply: that the consideration of the notes passed to her for her benefit, and for the benefit of her estate. Trial by the court and special finding of facts.

It appears by the special finding that the notes in suit were executed by the appellant to the appellees in consideration of the rent due to the appellees, for a certain farm. The leases were executed by the appellant to the appellees, but the farm was occupied and cultivated by the appellant's son-in-law, without any payment of rent by him to her. The son-in-law first applied to the appellees to rent the farm, but he being financially irresponsible they declined to rent to him, whereupon the appellant rented the same at an agreed price, taking the lease in her own name, and executing the notes in suit for the agreed rent. The negotiations for the lease were conducted by the appellant through the son-in-law, but the credit was given wholly to the appellant. At the time the appellees rented the land to the appellant they had notice that the son-in-law, under some

agreement between him and the appellant, was to occupy the farm.

It is contended by the appellant that she was the surety of her son-in-law for the payment of the rent, which constitutes the consideration of the notes in suit, and that she is not, for that reason, liable to pay said notes.

It has been decided by this court that the question as to whether or not a married woman is a surety will be determined, not from the form of the contract, nor from the basis upon which the transaction was had, but from the inquiry, was the wife to receive, either in person or benefit to her estate, or did she receive the consideration upon which the contract rests? and the burden of proof is on the plaintiff to show for what purpose she contracted, and prove it clearly. *Vogel* v. *Leichner*, 102 Ind. 55; *Nixon* v. *Whitely, etc., Co.*, 120 Ind. 360.

But where the debt is secured by mortgage on real estate held by husband and wife, by entireties, or where the obligation is signed by the wife alone, the burden is on her to show that she signed as surety. *Security Co.* v. *Arbuckle*, 119 Ind. 69; *Miller* v. *Shields*, 124 Ind. 166; *Berridge* v. *Banks*, 125 Ind. 561.

It may be conceded that a married woman can not purchase property and become bound for the payment therefor, where the title vests in another; but she may purchase property and bind herself for its payment where the title vests in her. *Chandler* v. *Spencer,* 109 Ind. 553; *Wulschner* v. *Sells*, 87 Ind. 71; *Wallace* v. *Rowley*, 91 Ind. 586; *Rothschild* v. *Raab*, 93 Ind. 488; *Arnold* v. *Engleman*, 103 Ind. 512.

In this case it appears from the special finding that the lease to the farm was executed by the appellees to the appellant, which vested in her the title for the term, and entitled her to the possession and the profits, for the period covered by the leases. If she subsequently transferred these rights to her son-in-law, and did not in fact receive any benefit

Crisman *v.* Leonard *et al.*

from her contract with the appellees we do not think they are to be held responsible for such conduct on her part, unless the leasing to her was a mere subterfuge, intended to evade the statute.

It is contended by the appellant that the facts appearing in the evidence in the cause, as well as in the special finding, that the negotiations were conducted by the son-in-law, and that he actually occupied the leased premises, show that the leasing was, in fact, to the son-in-law, and not to the appellant. It may be conceded that these facts tended to show that the leasing was to him and not to the appellant; but they are not conclusive upon that subject. Indeed, the court expressly found that the leasing was to the appellant, and that the credit was given to her alone. The court further finds that the appellee refused to lease to the son-in-law.

We have, then, a case where a married woman leases a farm in her own name, acquiring the right to its possession and the rents and profits thereof for a given period, for which she executes her notes. In the light of the authorities above cited we think she is bound by such contract. The fact that she permitted some one to occupy the premises who did not, in fact, pay her rent, does not affect her liability. Of course, if the son-in-law had been the real tenant, and the transaction had been intended as a mere evasion of the statute, she would not have been bound; but such does not appear to have been the case.

The evidence tends to support the finding of the court.

We find no error in the record.

Judgment affirmed.

Filed Nov. 25, 1890.