No. 675.

## POTTER ET AL. *v.* SHEETS ET AL.

PROMISSORY NOTE.——*Negotiable by Law Merchant.—Action Upon by Endorsee.—Want of Consideration.—Answer.*—In an action by an endorsee upon a promissory note payable to order in a bank in this State, an answer pleading a want of consideration, does not state a good defence.

SAME.—*Executed by Husband and Wife.—Separate Answer of Wife Pleading Coverture.—Reply.*—Where, in an action upon a promissory note executed by a husband and wife, the wife filed a separate answer admitting the execution of the note, but alleging that at the time she executed it she was, and still was, a married woman, the wife of her co-defendant, the burden was cast upon the plaintiffs of showing in the reply that the contract was one which the wife had the power to make. A reply to such paragraph of answer was bad which alleged that the note was executed in pursuance of a contract made between the wife and the payee of the note, and was beneficial to her and her separate estate, and was, therefore, a contract which she had lawful power to make. To render the reply sufficient, it should have shown a state of facts from which the court could determine that the wife was not a surety.

SAME.—*Consideration.—Liability of Wife if She Contracted as Principal.—Estoppel.*—In an action upon a promissory note governed by the law merchant, bought by endorsees before maturity, in good faith and without notice, against the makers, husband and wife, it is not necessary for the plaintiffs to establish, as against the wife, that the consideration was in fact beneficial to her or to her estate, or that there was a sufficient consideration, if it be shown that she contracted as a principal in fact, upon a consideration sufficient or insufficient, or if such circumstances

be shown as will estop her from denying that she contracted as a principal.

From the Montgomery Circuit Court.

*G. W. Paul, M. D. White, W. E. Humphrey* and *W. M. Reeves,* for appellants.

*L. J. Coppage,* for appellees.

BLACK, J.—The appellees sued the appellants, Sarah M. Potter and William H. Potter, and obtained judgment against both the defendants. Sarah M. Potter alone assigns errors.

The action was upon a joint and several promissory note made by the appellants, December 7th, 1886, payable to the order of one Elizabeth A. Spray, at the First National Bank of Crawfordsville, Indiana, and assigned by the payee to one John Spray, who afterward assigned it, before maturity, to the appellees, each assignment being alleged to have been made for a valuable consideration, by indorsement in writing upon the note.

The defendants answered separately. The answer of Sarah M. Potter was in two paragraphs. In the first, she admitted the execution of the note, and alleged that it was given and executed without any consideration.

In the second paragraph she admitted the execution of the note, and alleged that at the time she executed it she was, and she still was, a married woman, the wife of her co-defendant.

The appellees replied by general denial to both paragraphs of the separate answer of Sarah M. Potter; and in a second paragraph of reply, addressed to her second paragraph of answer, they alleged that the note was given for a consideration yielded to the appellant Sarah M. Potter, in pursuance of a contract made between her individually and Elizabeth Spray, to whom the note was given, "and was beneficial to her and her separate estate, and was, therefore, a contract which she had lawful power to make."

Sarah M. Potter's demurrer to this second paragraph of reply was overruled.

Concerning the first paragraph of the answer of Sarah M. Potter, it may be remarked in passing that, as the note was payable to order in a bank in this State, and, therefore, was negotiable paper governed by the law merchant (section 5505, R. S. 1881), the answer of want of consideration did not show a good defence to the action by an endorsee. *Glenn* v. *Porter*, 72 Ind. 525; *Coffing* v. *Hardy*, 86 Ind. 369.

Under the decisions in this State the second paragraph of answer was sufficient.

By statute of 1881 (section 5115, *et seq.*, R. S. 1881), all the legal disabilities of married women to make contracts are abolished, with certain exceptions. These exceptions are that she shall not enter into any executory contract to sell or convey or mortgage her real estate, nor shall she convey or mortgage the same, unless her husband join in such contract, conveyance, or mortgage; also, that she shall not enter into any contract of suretyship, whether as endorsee, guarantor or in any other manner, and such contract as to her shall be void.

In *Cummings* v. *Martin*, 128 Ind. 20, it is said: "In this State the only restrictions upon the power of a married woman to contract are, that she can not make a valid executory contract to sell or mortgage her real estate, or convey or mortgage the same, except by deed or mortgage in which the husband joins, and she can not enter into any contracts of suretyship; otherwise she can contract as freely as if she were unmarried, and her contracts are as binding upon her."

A distinction has been made in the decisions between a case like the one at bar, where a note sued on is shown to have been made by a married woman and her husband, and the case where the action is against a married woman upon her individual note or contract. In the former case it is held that the burden is upon the plaintiff to show the con-

tract to be one which the married woman had power under the statute to make.

In *Vogel* v. *Leichner*, 102 Ind. 55, it was said : " That the husband and wife both appeared on the face of the papers to be principals, or that the parties dealt on the basis that both were principals, is of no consequence. The wife had no power to deal as principal if in fact she was surety. Whether she was principal or surety will be determined, not from the form of the contract, nor from the basis upon which the transaction was had, but from the inquiry, was the wife to receive, either in person or in benefit to her estate, or did she so receive, the consideration upon which the contract rests? and, as was said by CAMPBELL, J., in *West* v. *Laraway*, 28 Mich., 464, ' the burden of proof is on the plaintiff to show for what purpose she contracted, and to prove it clearly.' The statute is in derogation of the common law, and, as its design, as we interpret it, was to secure to married women the benefit of their contracts, and not to remove their disabilities so as to enable them to make contracts for the benefit of others, the burden of proof is upon the person making a contract with her, in which she might be surety, to show that she either did or was to receive the benefit of it," etc.

To the same effect, see *Cupp* v. *Campbell*, 103 Ind. 213.

In *Thacker* v. *Thacker*, 125 Ind. 489, it was said : " The test by which to.determine the true relation of a married woman to a contract in which she has become a joint promisor with others, is not what relation she agreed to occupy, but what she received, or what she was to receive, in consideration of her promise. If in fact she neither received nor contracted for any benefit, but signed upon a consideration, the benefit of which was received by one of the joint promisors, then no matter that she may have agreed to be bound as principal, the law assigns to her the status of a surety, and she will not be bound unless she has in some way estopped herself from setting up the facts."

*Elliott* v. *Gregory*, 115 Ind. 98, was an action on an account against the appellee, Charlotte Gregory, for medical services rendered to her at her request and upon her promise to pay for the services. Referring to the defendant's answer, the court said : "It impliedly admitted the rendition of the services sued for, and Mrs. Gregory's promise to pay for the same, and then set up her coverture as a protection against her liability to pay for such services. * * * This, under existing statutes and our decisions upon them, was not a good defence to the complaint."

*Miller* v. *Shields*, 124 Ind. 166, was an action against a married woman on promissory note executed by her alone.

Commenting upon the cases of *Vogel* v. *Leichner, supra,* and *Cupp* v. *Campbell, supra,* it was said : " In that class of cases the presumption which naturally arises because of the peculiar relation that exists between husband and wife, is that he is the principal debtor, and she but his surety, and hence it was well ruled in those cases that the obligation could not be enforced against her, nor against her property specifically pledged for its payment, it not appearing affirmatively that she was a principal debtor. But when a married woman, as she has full power to do under the married woman's act, executes her individual note, whereby she promises to pay a given sum of money, the question is very different. No presumption such as that announced in the cases above can prevail. To hold that when a married woman executes her individual promissory note she is presumed to stand as surety for her husband or some other person until the contrary is made to appear, would be to carry the doctrine of presumptions beyond the border line."

In *Cummings* v. *Martin*, 128 Ind. 20, it was said : " Language used in *Vogel* v. *Leichner, supra,* and some other cases following it, may seem to assert the proposition that in all cases where one has loaned money to a married woman, the burden of proof is on the lender to show that she received, or was to receive, the benefit of the loan ; or that in the

transaction she was not surety. A comparison of these cases with the later cases will show that this is the rule only where there is something about the transaction to indicate that the debt is apparently, or may be, the debt of another, and not her debt. This not the rule where the transaction shows upon its face that it is her separate contract."

Under these decisions, it was not necessary for the appellant in her answer to state facts from which her want of power to make the note would affirmatively appear, or to show that she executed the note as the surety of her co-defendant; but her second paragraph of answer cast upon the appellees the burden of showing in their reply that the contract was one which she had power to make. To render the reply sufficient it should have shown a state of facts from which the court could determine that she was not a surety.

It is not shown what was the consideration, or what was the contract in pursuance of which the consideration was yielded to the appellant, or how she or her estate was benefited. The reply deals altogether in conclusions.

Pleadings should be so constructed as to lead to definite issues of fact.

The reply having been tested by demurrer, we must hold it insufficient.

We will not be understood as deciding that it was incumbent upon the appellees to show that there was such a consideration for the note as would be necessary to sustain an action brought by the payee against the maker.

In *Vogel* v. *Leichner, supra,* it was said: "Of course, it is not meant by what has been said that the contract must in the end have resulted beneficially to the wife. Having been relieved of her disabilities to the extent that she is enabled to contract for her own benefit, and the benefit of her estate, she must be allowed to act on her judgment concerning what will benefit her or her estate, and when she contracts for the purpose, and upon the consideration that she or her property shall be benefited, and is prin-

cipal in fact as well as in form, she will not be permitted to say, as against such contract, that she has been disappointed in the result, and is, therefore, a surety."

And in *Cupp* v. *Campbell, supra,* it was said: "As we said in *Vogel* v. *Leichner, supra,* where a wife contracts for a benefit to herself or her estate, and is principal in fact as well as in form, she will be permitted to exercise her judgment and will be held to her contract as any other person, even though disappointed in the result, but it must appear that she did contract for and upon a consideration moving to herself or going to the benefit of her estate, and not for the benefit of another or upon a consideration to be received or already had by another."

In an action on a promissory note governed by the law merchant, brought by indorsees before maturity, in good faith and without notice, against the makers, husband and wife, it is not necessary for the plaintiffs to establish, as against the wife, that the consideration was in fact beneficial to her or to her estate, or that there was a sufficient consideration, if it be shown that she contracted as a principal in fact upon a consideration sufficient or insufficient, or if such circumstances be shown as will estop her from denying that she contracted as a principal.

The judgment is reversed, and the cause is remanded, with instruction to sustain the demurrer to the second paragraph of reply.

Filed Dec. 14, 1892.