Leschen *v.* Guy.

### LESCHEN *v.* GUY.

[No. 18,079. Flied November 19, 1897.]

BILLS AND NOTES.—*Married Woman.*—*When a Surety.*—Whether or not a married woman is a principal or surety is to be determined, not by the form of the contract, but by the inquiry as to whether she received the consideration for which the obligation was executed. *p. 19.*

SAME.—*Married Woman.*—*Suretyship.*—*Note in Hands of Innocent Holder.*—The fact that a note is payable in bank and has passed into the hands of an innocent holder does not estop a married woman from asserting that she executed the same as surety, and the consequent invalidity of the note as to her. *p. 19.*

From the Daviess Circuit Court. *Affirmed.*

*O'Neal & O'Neal,* for appellant.

*James W. Ogdon,* for appellee.

HACKNEY, J.—The appellee, Sarah J. Guy, sued the appellant, Henry Leschen, and others for the cancel-

lation of certain notes and a mortgage, and to quiet the title to certain real estate. The questions here presented arise upon exceptions to conclusions of law stated upon a special finding of facts by the court.

The facts so found were, substantially, that, on the 2d day of August, 1893, said Sarah was a married woman and the wife of William M. Guy; that on said day she and her said husband executed four notes and a mortgage, for the purpose of securing them, to The Jewel Refrigerator Manufacturing Company, payable in bank and, at the same time, as additional security for the payment of said notes, she assigned to said company certain insurance policies and certain building association stock; that the real estate so mortgaged was at that time the separate property of said Sarah. "That in consideration of the execution of said notes and mortgage and of the assignment of said policies and stock, the defendant, The Jewel Refrigerator Manufacturing Company, issued to William M. Guy 25 shares of the capital stock of said company of the face value of $2,500.00, and this was the sole consideration received for the same; that the plaintiff received no part of the consideration of said notes, mortgage, policies, and stock, but the whole was received by her husband for his use and benefit." Before their maturity the notes and mortgage were sold and assigned by said company to one Tutt, who assigned them to the appellant, neither of said assignees having any knowledge of the equitable or legal defenses to said notes and mortgage, or to whom the consideration therefor had moved. And, after finding the sum due, the court found as a conclusion of law that the appellee should recover as prayed.

Appellant's learned counsel insist that the conclusion stated was erroneous, first, because, as they assert, the purchase of the stock was by Mrs. Guy, and

that she was a principal and not a surety; and, second, that she was estopped to assert that her legal obligation was that of a surety.

That part of the finding which we have quoted must support or deny the first of these propositions. It is there found that no part of the consideration passed to Mrs. Guy, but that the only consideration for said notes and mortgage passed to and was received by and to the use and benefit of her husband. The frequently declared test of the relationship sustained by a married woman to such obligations is to inquire whether she received in person or in benefit to her property the consideration for which the obligations are executed. *McCoy* v. *Barns*, 136 Ind. 378; *Voreis* v. *Nussbaum*, 131 Ind. 267; *Crisman* v. *Leonard*, 126 Ind. 202; *Thacker* v. *Thacker*, 125 Ind. 489; *Nixon* v. *Whitely, etc., Co.*, 130 Ind. 360; *Security Co.* v. *Arbuckle*, 119 Ind. 69; *Vogel* v. *Leichner*, 102 Ind. 55.

Applying this test to the facts found, but one conclusion can be reached, and that is that she was a surety and not a principal.

These cases hold also that the form of the contract does not affect the question. Being but a surety, the contract is voidable, as declared by statute, section 6964, Burns' R. S. 1894 (5119, R. S. 1881), by the above cases and many others.

The fact that the notes were payable in bank, and that they passed into the hands of an innocent holder did not estop the appellee to assert the suretyship and consequent invalidity of said notes as to her. *Voreis* v. *Nussbaum, supra; Potter* v. *Sheets*, 5 Ind. App. 506; *Cupp* v. *Campbell*, 103 Ind. 213; *Coats* v. *Gordon*, 144 Ind. 19.

The lower court did not err in its conclusions of law, and the judgment is affirmed.