Dickey *et al. v.* Kalfsbeck.

DICKEY ET AL. *v.* KALFSBECK.

[No. 2,459.     Filed May 25, 1898.]

MARRIED WOMEN.—*Deeds.—Covenants.—Breach Of.— Complaint.—* Married women are made liable upon their covenants of warranty in conveyances of their separate real estate by section 5118, R. S. 1881, and it is not necessary in a complaint to enforce such liability

Dickey *et al. v.* Kalfsbeck.

to plead the statute, or allege that the land conveyed was her separate property. *pp. 292, 293.*

APPEAL AND ERROR. — *Complaint.— Defective Averment. — When Assailed for First Time on Appeal.*—A complaint cannot be successfully assailed for the first time after verdict, on appeal, on account of a defective averment therein, where the fact sought to be alleged is sufficiently made to appear in the complaint that the court might properly have admitted evidence to prove the fact. *p. 293.*

From the White Circuit Court. *Affirmed.*

*Sellers & Uhl,* for appellants.

*Charles C. Spencer* and *Randolph J. Million,* for appellee.

HENLEY, C. J.—It is averred in the complaint of appellee in this cause that on the 6th day of October, 1894, the appellants, Josephine Dickey and Mary L. Noyes, their husbands joining them therein, for a consideration of $650.00 executed and delivered to the appellee a warranty deed, thereby selling and conveying to the appellee the northwest quarter of the northeast quarter of section thirteen, township twenty-seven north, range five west, all in White county, Indiana, and subject to a mortgage of $200.00, a copy of the deed is filed with and made a part of the complaint; that by said deed, the title to said real estate was warranted to appellee; that at the date of the execution of the deed aforesaid, the appellants did not have the title to the real estate therein described, but the title to the same was in other and different persons who afterward began suit in the White Circuit Court and recovered judgment against appellee quieting the title and dispossessing appellee. Notice of the pendency of said suit was given to the appellants. Damages in the sum of $2,500.00 are demanded.

Various answers were filed by appellants to the complaint, the purport of which it is not necessary

herein to set out as no question is presented by the record except the sufficiency of the complaint. The complaint was not challenged by demurrer in the lower court. There was a trial by the court and a finding for the appellee, assessing her damages at $150.00. Appellants' motion in arrest of judgment was overruled and judgment was rendered for the amount of the finding.

It is assigned as error, that the complaint does not state facts sufficient to constitute a cause of action. The alleged defect in the complaint which is brought to the notice of this court by the brief filed by appellants' counsel is that it does not appear by the allegations of the complaint that the real estate conveyed by appellants, Josephine Dickey and Mary L. Noyes, was their separate property; that by the common law a married woman was not liable on the covenants in her deed for failure of title to the land conveyed, and that the statute changing the rule at common law in this State, section 5118, R. S. 1881, only makes her liable in cases where she joins in the conveyance of her separate real estate. The rule at common law is stated correctly. See *Grincr* v. *Butler,* 61 Ind. 362. By a statute of this State, section 5118, *supra,* however, married women are made liable upon their covenants of warranty in conveyances of their separate real estate, and it is not necessary in a complaint against a married woman to enforce that liability, to plead the statute, or allege that the land conveyed was her separate property. If in fact the land conveyed was not the separate property of the married woman sought to be made liable upon her warranty, her coverture is a defense to the action, the proof of which would defeat a recovery. The general disability of married women to contract has been removed by statute in this State, so that ability is the rule, and disability is the

exception. *Vorcis* v. *Nussbaum*, 131 Ind. 267, 16 L. R. A. 45; *Arnold* v. *Engleman*, 103 Ind. 512; *Haynes* v. *Nowlin*, 129 Ind. 581, 14 L. R. A. 787. It is also the rule of law in this State that the defense arising from coverture are personal defenses, and that where coverture is plead to an action on a contract against a married woman, the plaintiff must reply to the facts which show that the contract sued upon was one upon which she would be bound. *Johnson* v. *Jouchert*, 124 Ind. 105, 8 L. R. A. 795; *Bunnett* v. *Mattlingly*, 110 Ind. 197; *Crooks* v. *Kennett*, 111 Ind. 347; *Potter* v. *Sheets*, 5 Ind. App. 506; *Arnold* v. *Engleman, supra; Cupp* v. *Campbell*, 103 Ind. 213. In this case coverture was not pleaded, and it did not become necessary for appellee to reply such facts as would make appellants liable upon the contract sued upon.

The alleged error of the lower court is not available for another reason. The complaint in this cause was good as against the defendants after verdict, and when attacked for the first time on appeal, even if appellants' contention was correct, because the fact that the appellants were conveying their separate real estate is not wholly omitted therefrom. It is defectively alleged, but sufficiently made to appear in the complaint so that the court might have properly admitted evidence to prove the fact. *Western Assurance Co.* v. *Koontz*, 17 Ind. App. 54. We find no error in the record. Judgment affirmed.