## Cook v. Buhrlage et al.

[No. 19,873. Filed June 25, 1902.]

HUSBAND AND WIFE.—*Married Women.*—*Suretyship.*—*Bills and Notes.*— Whether a married woman is a surety or a principal on a note is to be determined, not from the form of the contract, nor from the basis upon which the transaction was had, but from the inquiry as to whether she received, in person or in estate, the benefit of the consideration upon which the contract rests. *pp. 163, 164.*

Cook *v.* Buhrlage.

HUSBAND AND WIFE.—*Married Women.*—*Suretyship.*—*Bills and Notes.* —Where the sole consideration of a note executed by a married woman and another was property conveyed, the title to which did not vest in the former, she was only a surety on the note, and the same was void as to her.  *pp. 164, 165.*

From Marion Superior Court; *Vinson Carter*, Judge.

Action by Louisa C. E. Cook against Minnie L. Buhrlage and Wilhelmina Theine upon promissory notes. From a judgment in favor of defendant Wilhelmina Theine, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*W. V. Rooker, C. T. Hanna* and *T. A. Daily*, for appellant.

*E. B. Raub*, for appellees.

MONKS, J.—Appellant brought this action upon several promissory notes executed by appellees for real estate conveyed to appellee Buhrlage. The complaint does not disclose the fact that appellee Wilhelmina Theine was, when she executed said notes, a married woman. It became a question, under the issues, whether or not appellee Theine was a principal or surety on said notes. The jury returned a general verdict in favor of appellant against appellees, and answered interrogatories submitted by the court. Over appellant's motion for a new trial the court rendered judgment on the general verdict against appellee Buhrlage, and in favor of appellee Theine on the answers to interrogatories notwithstanding the general verdict. These rulings of the court are assigned for error.

The jury found, in answer to the interrogatories submitted by the court, that appellee Wilhelmina Theine was, when she executed the notes sued upon, a married woman; that the only consideration for said notes was certain real estate conveyed by appellant to appellee Buhrlage, who executed the notes sued upon.

It has been decided by this court that whether or not a married woman is a surety or principal on a note is to be

determined not from the form of the contract, nor from the basis upon which the transaction was had, but from the inquiry as to whether she received, in person or in estate, the benefit of the consideration upon which the contract rests. *Field* v. *Noblett,* 154 Ind. 357, 360, and cases cited; *Lackey* v. *Boruff,* 152 Ind. 371, 376, and cases cited; *Leschen* v. *Guy,* 149 Ind. 17, 19; *Crisman* v. *Leonard,* 126 Ind. 202, 203, and cases cited; *Thacker* v. *Thacker,* 125 Ind. 489, 490, 491; *Potter* v. *Sheets,* 5 Ind. App. 506, and cases cited; *Dickey* v. *Kalfsbeck,* 20 Ind. App. 290, 293, and cases cited.

It was said in *Crisman* v. *Leonard, supra,* at page 203: "It may be conceded that a married woman can not purchase property and become bound for the payment therefor, where the title vests in another; but she may purchase property and bind herself for its payment where the title vests in her. *Chandler* v. *Spencer,* 109 Ind. 553, 555."

The jury found in this case that the sole consideration for the notes sued upon was property conveyed by appellant to appellee Buhrlage. As the title to said property did not vest in appellee Theine, but vested in another, and the same was the sole consideration for said notes, she, being a married woman, was only surety on said notes, and the same were void as to her. *Crisman* v. *Leonard, supra; Chandler* v. *Spencer, supra; Thacker* v. *Thacker, supra.*

Where the obligation sued upon is executed by the married woman alone, although secured by a mortgage upon her separate real estate, or where the obligation sued upon is that of the husband and wife and is secured by a mortgage on real estate held by them by entireties, there is no presumption that she is surety, or in the latter case that the consideration obtained was not used for the benefit of the joint estate, and the burden is upon her to allege and prove that she executed the note and mortgage as surety and not as principal, and the complaint in such case is sufficient, even if it disclose that she was a married woman

when the note and mortgage were executed, without the allegation of any special facts showing that she was principal, and not surety. *Field* v. *Noblett,* 154 Ind. 357, 359, 360; *Cummings* v. *Martin,* 128 Ind. 20, 23, 24; *Crisman* v. *Leonard,* 126 Ind. 202, 203; *Security Co.* v. *Arbuckle,* 119 Ind. 69, 71; *Miller* v. *Shields,* 124 Ind. 166, 8 L. R. A. 406.

But it has been held, in effect, that, in an action on a contract executed by a married woman and another, other than the kind above mentioned, if the complaint discloses that she is a married woman, it must also allege facts showing that she was principal and not surety on said contract, or the complaint will not be sufficient to withstand her separate demurrer for want of facts; that, if such complaint does not disclose that she was a married woman when she executed the contract sued upon, she may answer that fact in bar of the action, to which the plaintiff may reply by alleging facts showing, notwithstanding such coverture, she was bound as principal upon such contract. *Field* v. *Noblett, supra; Crisman* v. *Leonard, supra; Vogel* v. *Leichner,* 102 Ind. 55, 60, 61; *Nixon* v. *Whitely, etc., Co.,* 120 Ind. 360; *Cupp* v. *Campbell,* 103 Ind. 213, 217, 218; *Brown* v. *Will,* 103 Ind. 71; *Cummings* v. *Martin,* 128 Ind. 20, 23, 24; *Thacker* v. *Thacker,* 125 Ind. 489, 490, 491; *Potter* v. *Sheets,* 5 Ind. App. 506; *Dickey* v. *Kalfsbeck,* 20 Ind. App. 290, 293; *Arnold* v. *Engleman,* 103 Ind. 512.

We have carefully considered the evidence, and can not say that the same does not fully support the answers of the jury to the interrogatories.

Finding no error in the record, the judgment is affirmed.