## GUY ET AL. *v.* LIBERENZ ET AL.

[No. 19;972. Filed November 5, 1902. Rehearing denied May 12, 1903.]

HUSBAND AND WIFE.—*Principal and Surety.—Mortgages.—Tenants by Entireties.*—In a suit on a note executed by a husband and wife, secured by mortgage on real estate held by them as tenants by the entireties, there is no presumption that the consideration was not used for the benefit of the real estate so held by them, or that the wife is surety on said obligation, but the burden is upon her to allege and prove facts showing that she executed the note and mortgage as surety, and not as principal. *p. 528.*

SAME.—*Principal and Surety.—Bills and Notes.*—Whether a married woman is principal or surety on a promissory note, or other obligation, is determined, not from the form of the contract, nor from the basis upon which the transaction was had, but from the inquiry as to whether she received in person or in benefit to her estate the consideration upon which the contract depends. *p. 528.*

SAME.—*Principal and Surety.—Bills and Notes.—Mortgages.—Consideration.*—A finding in a suit to foreclose a mortgage for $1,000, executed by a husband and wife on real estate held by them as tenants by entireties, that the consideration for the note and mortgage sued upon was used to pay the individual indebtedness of the husband, and to enable him to perform a contract to erect a certain livery barn, and that no part of the consideration was received by the wife, nor expended in the betterment of her real estate, or real estate held by them as tenants by entireties, shows that the wife executed the mortgage as surety only, and that the same is invalid as to her; and the fact that the livery barn on which the proceeds of the loan were expended was taken by the husband and afterward conveyed to the wife and sold by her for $800 in excess of all liens thereon, did not change the relation of the parties, it not being shown that she agreed, in consideration of the conveyance to her of the real estate upon which the barn was built, or for any other consideration, to pay the note and mortgage sued upon. *pp. 529–532*

HUSBAND AND WIFE.—*Estoppel.*—*Mortgage Deduction Law.*—*Affidavit.*—
A married woman will not be estopped from denying the validity
of a mortgage on the ground of suretyship by the fact that she
joined with her husband in an affidavit and obtained a reduction
of taxes under the mortgage deduction law on the mortgaged
real estate by reason of such mortgage. *p. 532.*

From DeKalb Circuit Court; *E. A. Bratton*, Special
Judge.

Suit by William J. Guy and wife against William
Liberenz and wife to foreclose a mortgage. From a
judgment for defendants, plaintiffs appeal. Transferred
from Appellate Court, under clause 2, §1337j Burns 1901.
*Affirmed.*

*C. H. Bruce, F. S. Roby, S. A. Wood, E. D. Salsbury*
and *S. A. Harper*, for appellants.
*J. E. Rose* and *J. H. Rose*, for appellees.

MONKS, J.—Appellants brought this action against ap-
pellees on a promissory note secured by a mortgage executed
by appellees. A special finding of facts was made by the
court, and conclusions of law stated thereon. Over a
motion for a new trial by appellants, a judgment in accord-
ance with the conclusions of law was rendered. That the
court erred in each of the conclusions of law is the only
error assigned and not waived.

It appears from the special finding that appellee William
Liberenz, on November 24, 1896, contracted, on his indi-
vidual account, with Yount & Yount, to erect a livery barn
for them on a lot for which they held a contract for a deed
on the payment of $270, the balance of the purchase money..
The contract price for the erection of said barn was $1,850.
Liberenz began the erection of the barn, but, needing money
to complete the same, borrowed $1,000 of appellants, $800
of which was to be used in completing said barn under said
contract, for which he and his wife executed the note sued
upon, and to secure the same executed the mortgage on
real estate owned by them as tenants by the entireties. The

money was delivered to the husband after the note and mortgage were executed. The said husband used about $800 of said borrowed money in the construction of said barn, under his contract with Yount & Yount, and the remainder thereof he used in the payment of his individual debts. Louisa Liberenz, the wife, did not negotiate said loan, nor did she see appellants in reference thereto until the execution of said mortgage. No statement was made in her presence to appellants, or either of them, as to the purpose for which said money was borrowed, nor as to what was to be done with the same. "No part of said $1,000 was received by the said Louisa, nor was any part thereof expended in the betterment of said real estate described in said mortgage, nor any other real estate then owned by her or in which she had any interest, and that she did not receive the consideration for which said note and mortgage were executed, except as herein set out." Said William Liberenz, after the completion of said barn, no part of the contract price having been paid, took a mechanic's lien thereon for $1,850. On the 18th day of October, 1897, said Yount & Yount, being unable to pay said Liberenz for the erection of said barn, on his request, and in payment of said mechanic's lien, assigned the written contract they had for said real estate to one Charles Kent, by a written assignment on the back of said contract.

At the time said contract was assigned to said Kent, he was surety for said William Liberenz to various persons for about $1,200, the individual indebtedness of said William Liberenz; and, in consideration of said assignment of said contract, said Kent promised and agreed to pay the same. The said livery barn was at said time encumbered by liens other than the lien of said William Liberenz, amounting to $690, and the lien for unpaid purchase money for $270—in all $960—and the said property was at this time of the fair value of $1,300. After the assignment of said contract to said Kent, he became dissatisfied with said

contract with said William Liberenz for the payment of said $1,200 for which he was surety; and thereupon said William Liberenz, his wife joining therein, conveyed to said Kent another piece of real estate, of the fair value of $2,500, which said William Liberenz owned in his own right, the same being encumbered by a mortgage for $1,250 executed by him; and the said Kent assigned to said Louisa Liberenz all his right, title, and interest in the contract assigned to him by said Yount & Yount. Said Kent and wife on said 18th day of October, 1897, executed a quit-claim deed for said real estate upon which said barn was built to said Louisa Liberenz; and she on November 13, 1897, received a deed therefor under the contract assigned to her by said Kent. On said 18th day of October, 1897, said Kent paid said Yount & Yount $100, and said William Liberenz paid them $6, as a further consideration for the assignment of said contract to said Kent. Afterwards said Louisa Liberenz sold and conveyed said barn, and the real estate upon which the same was built, for $1,000 over and above all claims and liens against the same, $400 of which she received in cash, and $600 in mortgage notes. After appellees had learned that said mortgage could not be enforced, on account of being the note and mortgage of a married woman, they made an affidavit under the act of 1899 (Acts 1899, pp. 422, 423, §8417a *et seq.* Burns 1901, §6272a *et seq.* Horner 1901), and filed the same in the office of the auditor of DeKalb county, and obtained a deduction of $700 from the assessed value of the real estate described in the mortgage sued upon.

The court stated thereon the following conclusions of law: "(1) That the defendant Louisa Liberenz is not liable upon the note and mortgage sued on in the plaintiffs' complaint, and set out in the findings of facts herein; (2) that the defendant Louisa Liberenz signed the note and mortgage sued on in the plaintiffs' complaint as surety for her husband William Liberenz; (3) that the mortgage de-

scribed in the findings herein, and set out in the plaintiffs' complaint, is void, and ought not to be foreclosed; (4) that the plaintiffs are entitled to recover, and should have judgment against the defendant William Liberenz for the sum of $1,345, without relief from valuation and appraisement laws."

It is the law in this State that when it appears that the obligation sued upon is that of husband and wife, and is secured by a mortgage on real estate held by them as tenants by the entireties, there is no presumption that the consideration was not used for the benefit of the said real estate so held by them, or that she is surety on said obligation, but the burden is upon her to allege and prove facts showing that she executed the note and mortgage as surety, and not as principal. *Cook* v. *Buhrlage,* 159 Ind. 162, and cases cited; *Crisman* v. *Leonard,* 126 Ind. 202, 203; *Security Co.* v. *Arbuckle,* 119 Ind. 69, 71. Under this rule the appellants contend that the first, second, and third conclusions of law can not be sustained, because there is no finding of the ultimate fact that Louisa Liberenz executed the note and mortgage sued upon as surety for her husband. Citing *Bartholomew* v. *Pierson,* 112 Ind. 430.

It has been uniformly held by this court that whether or not a married woman is surety or principal on a promissory note or other obligation is to be determined, not from the form of the contract, nor from the basis upon which the transaction was had, but from the inquiry as to whether she received in person or in benefit to her estate the consideration upon which the contract depends. *Cook* v. *Buhrlage, supra,* and cases cited; *Andrysiak* v. *Satkoski,* 159 Ind. 428; *Field* v. *Noblett,* 154 Ind. 357, 360, and cases cited; *Leschen* v. *Guy,* 149 Ind. 17, 19, and cases cited; *Nixon* v. *Whitely, etc., Co.,* 120 Ind. 360, 362, and cases cited; *Crisman* v. *Leonard, supra,* and cases cited; *Vogel* v. *Leichner,* 102 Ind. 55, 60.

It was said by this court in *Security Co.* v. *Arbuckle,* *supra,* on page 71, where there was a special finding: "General statements to the effect that the defendant Mary E. Arbuckle executed the note and mortgage as surety for her husband, are not a sufficient statement of facts. Whether she was surety or not depends upon the purpose for which the money was borrowed, and to which it was applied. If it was borrowed and used to pay off debts of her husband, which did not constitute valid encumbrances on the joint estate, or if it was not in some way used for her benefit or the benefit of her estate, she was a surety. These facts are not directly averred in the pleadings nor are they found by the court."

In *Voreis* v. *Nussbaum,* 131 Ind. 267, 16 L. R. A. 45, the note was executed by the wife, and a mortgage was executed by the husband and wife upon the separate real estate of the wife to secure the same. Under the rule declared in this State in such case, the burden was upon the wife to allege and prove that she executed said note and mortgage as surety, and not as principal. *Cook* v. *Buhrlage, supra; Field* v. *Noblett, supra; Crisman* v. *Leonard, supra; Miller* v. *Shields,* 124 Ind. 166, 8 L. R. A. 406; *Bowles* v. *Trapp,* 139 Ind. 55, 56, 57. It was held, however, in said case, that a finding that "her husband received the consideration for which the note was executed, and used the same in the payment of his individual debts, and for his own use; * * * [and] that no part of the consideration was used for the betterment of her separate property or business," showed that the wife executed the note and mortgage as surety only, and that the same was invalid as to her, and could not be enforced against her.

In this case the special findings state that "The $1,000, the consideration for the note and mortgage sued upon, was used to pay the individual indebtedness of the husband, and to enable him to perform his contract to erect the livery

Vol. 160—34

barn for Yount & Yount, and that no part, of said consideration was received by the wife nor was any part thereof expended in the betterment of the real estate described in the mortgage, held by them as tenants by the entireties, nor in the betterment of any other real estate then owned by her or in which she had any interest." These findings are much more favorable to the wife than those in *Voreis* v. *Nussbaum, supra,* which were held sufficient, and they are clearly sufficient under the rule declared in *Security Co.* v. *Arbuckle,* 119 Ind. 69, 71. It clearly appears therefrom that the wife did not receive, in person or estate, the benefit of the consideration of said note or mortgage, or any part thereof, but that the same was used to pay and execute the individual contracts of the husband. This court has uniformly held that such facts show that the wife is surety and not principal on the contract sued upon. *Cook* v. *Buhrlage, supra; Field* v. *Noblett, supra; Leschen* v. *Guy, supra; Nixon* v. *Whilely, etc., Co., supra; Vogel* v. *Leichner, supra; Andrysiak* v. *Satkoski, supra.*

In *Bartholomew* v. *Pierson,* 112 Ind. 430, cited by appellant, the burden of proof as to the question of suretyship was upon the wife. It was stated in the special finding that the consideration of the execution of the note and mortgage was "A check on a bank for $600, delivered to the husband by the mortgagee, the amount of which was paid to the husband by the bank. The wife received no part of the money thus obtained. * * * She signed the note and mortgage in order that her husband might obtain said money, but not for the purpose of obtaining any money for herself." The finding in said case did not show for whose benefit the money was used. It may be that it was not used for the benefit of the husband or his individual property, but for the benefit of the property of the wife. It was properly held in that case that the suretyship of the wife was not "sufficiently shown by the finding of facts." The finding in

this case on the question of suretyship of the wife, last above set out, however, continues as follows: "And she did not receive the consideration for which the note and mortgage were executed, or any part thereof, except as herein set out."

Appellants insist that the facts found in regard to the conveyance of the real estate, upon which the livery barn was built, to Mrs. Liberenz, and the sale thereof by her for $1,000 in excess of the liens thereon, show that she did receive $800 of the amount loaned by appellants, and that as to that amount, at least, she is, under said facts, a principal, and not a surety. The facts found show that the $800 was used by William Liberenz in the construction of said livery barn under his contract with Yount & Yount, but his wife then had no interest in real estate, and did not acquire any until after the barn was completed. The fact that $800 of said loan was expended in the completion of the livery barn gave appellants no lien thereon or any interest therein. That the same was conveyed to Mrs. Liberenz, and by her sold, gave no right to appellants against her that they did not possess before. No fact found in regard to the contracts and conveyances of said real estate to and by Mrs. Liberenz in any way changed her relation to the note and mortgage sued upon, as shown by the other facts stated in the special finding. It is not found that she agreed, in consideration of the conveyance to her of the real estate upon which the barn was built, or for any other consideration, to pay the note and mortgage sued upon, nor can any such agreement be implied from the facts found. If she, a married woman, had agreed, in consideration of the conveyance of the livery barn property to her, or for any other sufficient consideration, to assume and pay the note and mortgage sued upon, her liability to pay the same would have been upon such agreement, and not by virtue of her having joined in the execution of said note and mort-

gage. She would have been bound, under such agreement, to pay said note and mortgage, even if she had never joined in the execution thereof.

It is next insisted by appellants that Mrs. Liberenz, joining with her husband in the affidavit referred to in the findings, and obtaining a reduction in the valuation for taxation of the real estate described in the mortgage, with a full knowledge of its invalidity as to her, elected, upon a valuable consideration, to treat the note and mortgage as valid. The doctrine of election has no application in this case, under the facts stated in the special finding. The making of said affidavit, and obtaining a deduction from the valuation of said real estate for taxation did not deprive Mrs. Liberenz of her right to claim that said note and mortgage were void on account of her suretyship, unless the same amounted to an estoppel. It is settled that one who insists upon the acts or statements of another working an estoppel must show that he acted upon the same in good faith, and was influenced thereby to do some act which would result in an injury if the other is permitted to withdraw or deny the act. *Dudley* v. *Pigg,* 149 Ind. 363, 371; *Chaplin* v. *Baker,* 124 Ind. 385, 389; *Simpson* v. *Pearson,* 31 Ind. 1, 5-7, 99 Am. Dec. 577; *Ross* v. *Banta,* 140 Ind. 120, 150; *Shedd* v. *Webb,* 157 Ind. 585, 589; *Bowles* v. *Trapp,* 139 Ind. 55; *Voreis* v. *Nussbaum,* 131 Ind. 267, 270, 271, 16 L. R. A. 45; *Taylor* v. *Hearn,* 131 Ind. 537, 541; *Ward* v. *Berkshire Life Ins. Co.,* 108 Ind. 301, 303, 304; *Rogers* v. *Union, etc., Ins. Co.,* 111 Ind. 343, 345, 60 Am. Rep. 701.

It is not shown by the facts found that appellants changed their position in consequence of said affidavit, or that they relied upon it in good faith or were in any way misled thereby to their detriment. The facts stated in the special findings were not sufficient to estop Mrs. Liberenz from asserting that she was surety and not principal on the note and mortgage sued upon.

Finding no error in the record, the judgment is affirmed.