## VEAL *vs.* HURT.

1. Where the wife borrowed money to pay a debt of the husband contracted for the manufacture of a photographic car for a venture of his, with the knowledge of the lender that the money was so to be used, it is virtually the assumption by her of his debt, and the contract is void under section 1783 of the Code.
2. Where the lender refused to lend money to the husband to pay for the car until he brought him the note of the wife, with power of attorney from her to the lender to sell the wife's separate real estate and pay the note, thus securing its payment by power to sell her separate estate, the contract is virtually one to bind her separate

estate by suretyship for her husband, and is equally void under the same section—the money being paid to the husband, and no title to the car made to the wife.

Husband and wife. Principal and surety. Contracts. Before Judge Clark. City Court of Atlanta. December Term, 187?.

To the report contained in the opinion it is only necessary to add that after verdict for defendant, plaintiff moved for a new trial on the following, among other grounds:

(1.) Because the court erred in charging the jury as follows: "If you believe from the evidence that defendant's husband had previously contracted for or contemplated the purchase of a photograph car on his own account for the sum of $300.00, and the plaintiff had notice of this, and after such notice let defendant have said sum of money for the purpose of paying for said car, and took from defendant's husband his wife's note and mortgage therefor, upon that state of facts the plaintiff is not entitled to a verdict in his favor."

(2.) Because the court erred in the following charge to the jury: "Plaintiff's counsel maintain that although the contract of purchase may have been made by the husband, yet when the money borrowed by the wife paid for it, it became her separate property, and therefore, in effect, the money was borrowed by her to purchase property for herself. Upon this point, I charge you that to have this position avail the plaintiff, you must be satisfied from the evidence that the wife knew when she gave her note and mortgage that the money was borrowed on, that the proceeds were to be used in the purchase of a photograph car for herself, and that the title, on the payment of the money, would pass to her and become a part of her separate estate. If you believe from the evidence that the husband made the contract of purchase and the plaintiff had the notice, as I have already told you, then that casts the onus upon the plaintiff to prove to your satisfaction that the title to the

car when purchased went to the wife, and that this was her understanding when she signed the note and mortgage. If such has been proven to your satisfaction from the evidence, then the plaintiff would be entitled to recover, otherwise not."

The motion was overruled, and plaintiff excepted.

CANDLER & THOMSON, for plaintiff in error.

JACKSON & LUMPKIN, for defendant.

JACKSON, Justice.

The facts make the following case: The husband tried to borrow money from the plaintiff to pay for a car to take photographic pictures, which he had contracted for, and for which he was to pay $300.00, the amount he desired to borrow. He was refused. He then proposed to bring the lender a note for that sum signed by the wife as borrower, and secured by a power of attorney from the wife to the lender to sell her real estate in Atlanta, and pay the note if not paid. The note was to bear interest at 33 per cent. per annum. This was agreed, and the contract was consummated. One hundred and twenty-five dollars was paid and credited on the note, and suit was brought for the balance. It was defended by the wife on the ground that it was the assumption of the debt of her husband, and a contract of suretyship to bind her separate estate to pay his debt.

1. If the husband owed a debt which he was bound to pay, then the money was loaned to enable her to assume his debt, if the lender had knowledge thereof. Did he owe a debt? He had contracted for the car and owed $300.00 therefor. Therefore he owed for a car and was bound to pay therefor when it was delivered. Did the lender know it? He knew all about it. The car was not for the wife. Nothing was said about the title thereto being put in her, but the money was loaned to enable the husband to pay for it *for his own venture*. In other words, it was loaned vir-

Veal *vs.* Hurt.

tually that the wife might assume the debt of her husband which he owed for this car he had contracted for, and therefore it is a contract absolutely void under section 1783 of our Code, which declares that she cannot bind her separate estate "by any assumption of the debts of her husband." The wife was never present with the lender. No contract of any sort was made with her in person by him; the husband managed the whole affair, and induced her to go into the arrangement by assuring her that she would never have to pay a cent, for he would make enough to settle it all.

2. The contract, too, bound the separate estate of the wife as security for the debt. She gave the lender a power of attorney to sell her town property and pay the debt therewith, with obligation to turn over the balance to her. If the debt was the husband's, if the car was his, if it was for his venture, and not her property or for her use, then there was a naked effort to bind her separate estate as security to get the money for her husband in order to pay his debt. The same section of our Code also declares that "she cannot bind her separate estate by *any* contract of suretyship," and that "any sale of her separate estate made to a creditor of her husband in extinguishment of his debts, shall be absolutely void." While this was not exactly a sale to a creditor of her husband, yet it was a power to a lender of money to the wife for the husband, to sell her separate estate in order to pay for a venture of his, and is equally repugnant to the spirit and reason of the statute.

It seems to us that the contract is obnoxious to the provisions of the statute in both views of it, as an assumption debt of the husband, and as an attempt to bind her separate property to pay it.

It matters not, therefore, what may have been the irregularities of the trial; as the verdict is right on the facts, and could not in law be otherwise, the judgment is affirmed.

See 59 *Ga.*, 254–380; 61 *Ib.*, 662; *Sutton vs. Akin*, not yet reported.

Judgment affirmed.