# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1885, IN THE SIXTY-NINTH YEAR OF THE STATE.

---

· No. 11,584.

## VOGEL v. LEICHNER.

MARRIED WOMAN.—*Suretyship.*—A contract executed by a married woman is one of suretyship to the extent that the consideration was received by her husband or any other person, or that it went to pay a debt or liability for which neither she nor her property was bound.

SAME.—Whether a married woman is principal or surety will be determined, not from the form of the contract, nor from the basis upon which the transaction was had, but from the inquiry, was she to receive, in person, or in benefit to her estate, the consideration upon which the contract rests?

SAME.—A valid lien existed upon the real estate of V., a married woman. After the act of April 16th, 1881, went into force, she joined with her husband in the execution of bonds, and a mortgage on such real estate to secure the loan of a sum in excess of the amount of the lien. With the money thus borrowed the lien was discharged, and the surplus remaining was converted by the husband to his own use. On the face of the papers both husband and wife appeared to be principals, and the lenders dealt with them on that basis; yet, as between the husband and wife, it was understood that the latter was surety.

*Held,* that to the extent that the consideration of the loan was to be applied to the discharge of the existing lien on V.'s real estate, her con-

(55)

tract was that of a principal; but as to the amount used by her husband which did not enure to her benefit, her contract was one of suretyship, and void.

SAME.—*Burden of Proof.*—In an action against a married woman upon her contract, the burden of proof is upon the plaintiff to show for what purpose she contracted, and that she either did, or was to, receive the benefit of it, either in person or estate.

From the Allen Superior Court.

*L. M. Ninde,* for appellant.

*W. H. Coombs, R. C. Bell* and *S. L. Morris,* for appellee.

MITCHELL, C. J.—The case before us arises on a bill to foreclose a mortgage executed by Veronica Vogel and her husband, Frank B. Vogel, and requires a consideration of the circumstances under which a married woman may be bound on a contract in which she joined with her husband.

We have carefully examined the evidence, all of which is in the record, and have arrived at the conclusion that all the facts necessary to a determination of the rights of the parties are presented by the special findings of the court.

From these it is disclosed that on the 1st day of November, 1882, Veronica Vogel, a married woman, was the owner of the real estate described in the mortgage in suit, she having derived it by descent from her father; that the land was then subject to a mortgage, dated the 11th day of February, 1879, in the execution of which she had joined with her husband to secure a debt due from him to the Hamilton Bank of Fort Wayne, on which there was due the sum of forty-two hundred dollars.

For the purpose of raising the money to discharge this encumbrance, and for other purposes, a loan was negotiated with the plaintiff for five thousand dollars, to secure which five several bonds, one of which fell due annually, of one thousand dollars each, with interest coupons attached, and the mortgage in suit, were executed by the husband and wife jointly.

It is found that in making the loan, and in the execution

of the bonds, coupons and mortgages, the parties dealt on the basis that both Vogel and wife were principals, but that inasmuch as the money was borrowed for the use of Frank B. Vogel, as between him and his wife she was to be regarded as his surety, and it was so understood between the defendants at the time.

The court also found that of the sum borrowed, forty-two hundred dollars was at the time applied to the discharge of the debt and mortgage to the bank, and the residue was used by the husband for his own purposes, and that at the date of the hearing below there was due of principal, interest and attorney's fees to the plaintiff the sum of $5,428.88, for the whole of which, upon conclusions of law stated, a decree was given against the wife's property.

It is now contended, on behalf of Mrs. Vogel, that as the debt, for the payment of which the money was borrowed, and to which it was applied, was the husband's, and that as the residue was received and applied to his use, the wife, as to the entire transaction, stood in the relation of surety, and that in consequence the contract falls within the inhibition of section 5119, R. S. 1881. If this is not so, it is argued, that at least to the extent that the money was received and used by the husband the contract is invalid.

Appropriate motions were made and exceptions taken by her counsel below to raise these questions.

As against this view, it is contended that, as it appears from the face of the bonds, coupons and mortgage, that both defendants contracted as principals, and as it is found by the court that they did so contract, and because it is not found that the appellee had knowledge that, as between themselves, the wife was in fact surety, she is thereby estopped from asserting that she sustained the relation of surety to all or any part of the debt under consideration.

Section 5 of the act of May 31st, 1852, provided as follows: "No lands of any married woman, shall be liable for the debts of her husband; but such lands and the profits

therefrom, shall be her separate property, as fully as if she was unmarried: *Provided,* That such wife shall have no power to encumber or convey such lands, except by deed, in which her husband shall join."

Under this statute it was uniformly held that a mortgage executed by the wife, her husband joining, to secure her husband's debt, was valid. *Frazer* v. *Clifford,* 94 Ind. 482, and cases cited.

By the act of 1879, relating to married women, it was provided as follows: "A married woman shall not mortgage or in any manner encumber her separate property acquired by descent, devise or gift, as a security for the debt or liability of her husband or any other person."

Under this statute it was held in *Frazer* v. *Clifford, supra,* that a mortgage executed by husband and wife to secure the husband's debt, on the wife's land, acquired by contract or purchase, was valid.

By the act of April 16th, 1881, which came in force September 19th, 1881, and which, so far as it affects the question under consideration, is embraced in R. S. 1881, from section 5115 to 5119, it was provided: Section 5115. "All the legal disabilities of married women to make contracts are hereby abolished, except as herein otherwise provided." Section 5116 is a substantial re-enactment of section 5 of the act of 1852. Section 5117 provides, among other things, "That she shall be bound by an estoppel *in pais,* like any other person." Section 5118 provides that in the conveyance of her own separate property she shall be bound by her covenants of title, and that on her official bond she shall be bound in like manner as a principal. Section 5119 provides as follows: "A married woman shall not enter into any contract of suretyship, whether as endorser, guarantor, or in any other manner; and such contract, as to her, shall be void."

Much subtle and refined discussion may be found on the subject of the power of married women, independent of statutory enactments to bind their estates, and whatever interest

might attach to a review of that subject, it would afford no especial aid in arriving at a correct conclusion in the case before us, as the statute above referred to must control in its decision.

The construction which the statute of 1852, relating to married women, received, was, that a married woman was entitled to the full and complete enjoyment of her separate property, the same as if she was unmarried, and whatever was necessary or proper to be done to secure to her such full and complete enjoyment, she might cause to be done, and make it a charge upon her estate, but she could make no executory contract whatever, not even for the services of a physician to minister to her during sickness. *Thomas* v. *Passage,* 54 Ind. 106, and cases cited. As we have already seen, she might encumber her real estate in the manner provided for the debt of a third person.

By the statute of 1879 the disabilities of the wife, as respects her contracts, were removed in regard to certain specified subjects, and she was prohibited from mortgaging her real estate acquired in the manner specified in the act for the debt of her husband or any other person. *Haas* v. *Shaw,* 91 Ind. 385 (46 Am. R. 607).

By the more comprehensive enactment of 1881, above referred to, the Legislature abrogated all the legal disabilities of married women except such as are expressly saved in the act. Appreciating the wisdom and policy of protecting them from the importunities or possible dictation of others, and to secure to them, or their estates, the benefit of all contracts which they might thereafter make, and to end all further contention on the subject, section 5119 wisely put an absolute inhibition upon the power of a married woman to enter into *any* contract of suretyship whatever, and declared all such contracts as to her void.

The intent of the statute was to remove her disabilities for her protection, and for the protection of her property, and not to enable her to contract burdensome obligations from

which neither she nor her property would be benefited. Under this statute nothing remains for the courts, in the premises, except to determine in each case as it arises whether the contract was, or was not, one of suretyship, and, according as the fact may be ascertained, give effect to the intent of a plain and salutary statute enacted for the protection of the property of those who are, perhaps, accustomed to place too much reliance on others.

Whether a contract executed by a married woman is one of suretyship or not, will be determined by a consideration, of whether or not it was made by her or on her behalf, and upon a consideration moving to her or for the benefit of her separate estate.

To the extent that the consideration was received by her, or enured to her benefit or the benefit of her estate, she will be held to have contracted as principal. To the extent that the consideration was received by her husband, or any other person, or that it went to pay a debt or liability, for which neither she nor her property was bound, it will be held a contract of suretyship. *Saulsbury* v. *Weaver*, 59 Ga. 254; *Veal* v. *Hurt*, 63 Ga. 728. Where a mortgage is executed by a wife to secure the performance of a contract, to which she occupies the relation of surety, both the contract and the mortgage securing it will be held to be contracts of suretyship, and void within the terms of the statute. Brandt Suretyship, section 22; *Moffitt* v. *Roche*, 77 Ind. 48, and cases cited; *McCarty* v. *Tarr*, 83 Ind. 444; *Allen* v. *Davis*, 99 Ind. 216.

That the husband and wife both appeared on the face of the papers to be principals, or that the parties dealt on the basis that both were principals, is of no consequence. The wife had no power to deal as principal if in fact she was surety. Whether she was principal or surety will be determined not from the form of the contract, nor from the basis upon which the transaction was had, but from the inquiry, was the wife to receive, either in person or in benefit to her estate, or did she so receive, the consideration upon which the contract

rests? and, as was said by CAMPBELL, J., in *West* v. *Laraway*, 28 Mich. 464, " the burden of proof is on the plaintiff to show·for what purpose she contracted, and to prove it clearly."

The statute is in derogation of the common law, and, as its design, as we interpret it, was to secure to married women the benefit of their contracts, and not to remove their disabilities so as to enable them to make contracts for the benefit of others, the burden of proof is upon the person making a contract with her, in which she might be surety, to show that she either did or was to receive the benefit of it. *Tracy* v. *Keith*, 11 Allen, 214.

At common law no right of action existed against a married woman to enforce an executory contract. The statute has enacted some exceptions to the common law rule, so that in certain cases her contracts may be enforced against her. Where a right or remedy is given that did not exist at common law, the facts necessary to show that the case is within the right given must be alleged and proved. 1 Works Pr., p. 249.

In the case of *Way* v. *Peck*, 47 Conn. 23, it was held, that where a married woman signed a note with her husband, the burden of proof was on the plaintiff to show that the circumstances were such that under the statute she was bound. This is a just and reasonable rule. To hold otherwise would be practically to fritter away the whole beneficial purpose of the statute. If nothing more is necessary, in order to bind the wife on her joint contract with her husband, than that she sign a note or other obligation with him, in such form as that both appear to be principals, or that the creditor should deal on the basis that both are principals, without further inquiry or concern as to the fact, then the protection of married women afforded by the statute is a myth, and the removal of her disabilities a snare.

Before the enactment of the last statute, her general engagements were binding only in certain specified instances; all

her real estate was secure from encumbrance for the debts of others except that acquired by contract or purchase. If now all general engagements are binding on her, whether executed. by her separately or jointly with another, except where she can prove that the creditor had knowledge of the fact that she was surety at the time the contract was entered into, her condition is rendered worse instead of better.

The statute affords ample means for the protection of the person who becomes her creditor; it provides that she shall be subject to an estoppel *in pais* as any other person. This does not mean that she is to be estopped by the mere form of the contract, without more. She is to be estopped as any other person, by causing the lender to believe that a state of facts exists which does not, or that the transaction is one thing, while in fact it is another. A person may not deal with a wife, with knowledge of the fact, and of her want of power to bind herself for the benefit of others, and relying upon the form of the contract, assert that he had no knowledge of her actual relation to the transaction. He should have inquired. After inquiry he may govern himself according to the facts. or the information received from her. If she neither contracted for, nor received either in person or estate, the consideration of the contract, signing it merely at the direction or for the benefit of another, then no matter what device may have been employed in its form, or the basis upon which the parties acted, it is nevertheless a contract of suretyship, and void. *Veal* v. *Hurt, supra; Athol Machine Co.* v. *Fuller,* 107 Mass. 437.

Of course, it is not meant by what has been said that the contract must in the end have resulted beneficially to the wife. Having been relieved of her disabilities to the extent that she is enabled to contract for her own benefit, and the benefit of her estate, she must be allowed to act on her judgment concerning what will benefit her or her estate, and when she contracts for the purpose, and upon the consideration that she or her property shall be benefited, and is principal in fact as well

as in form, she will not be permitted to say, as against such contract, that she has been disappointed in the result, and is, therefore, a surety.

When, however, the consideration and benefit of a contract in which she has joined moves to another, and was so intended, then the barrier of the statute is interposed for her protection, unless by her conduct she is estopped from invoking its aid.

Applying the foregoing conclusions to the facts in hand, it results that to the extent that the consideration of the loan was to be applied to the discharge of the encumbrance on Mrs. Vogel's estate, it was a contract for her benefit, and for the benefit of her estate, and was not one of suretyship. *Fitzpatrick* v. *Papa*, 89 Ind. 17.

While it is true that the debt which was to be, and was paid with part of the money borrowed, was the debt of the husband, it was nevertheless a valid encumbrance on her property, and it would not do to say that a wife whose property was encumbered, even though for the debt of a third person, could not contract a valid debt for the purpose of saving her estate from possible sacrifice.

The finding of the court that the wife should be regarded as surety between herself and husband, and that it was understood between them that she should be surety, can not control as against the fact that it was understood that so much of the money as was necessary should be applied to the discharge of the encumbrance on her land, and that it was actually so applied. *Perkins* v. *Elliott*, 23 N. J. Eq. 526.

In the case above cited, it was held that a wife would be held bound as not being a surety, on a note executed jointly with her husband for a loan of money with which to discharge a mortgage in which she had joined, and which bound her contingent interest in the land of her husband.

To the extent that the money was borrowed for, and applied to, the use of Frank B. Vogel, Veronica Vogel was his surety, and the contract was a contract of suretyship.

Upon the facts found, the conclusions of law should have been that there was due the plaintiff forty-two hundred dollars, with interest at seven per cent., according to the terms of the bonds and coupons, from November 1st, 1882, to the date of the finding, and one hundred and seventy-one dollars and forty-three cents for attorney's fees.

The judgment is reversed, with directions to the court below to state conclusions of law and render judgment and decree according to the foregoing opinion.

Filed June 11th, 1885.