Balue *et al. v.* Sear.

No. 15,979.

## BALUE ET AL. *v.* SEAR.

131  301
146  526
131  801
160  253
160  280

PRACTICE.—*Answer.*—*Reply in General Denial.*—*Proof Under.*—The plaintiff, under a reply of general denial, is not confined to negative proof in denial of the facts stated in the answer, but may introduce proof of facts independent of those alleged in the answer, but which are inconsistent therewith, and tend to meet and break down the defence.

SUPREME COURT.—*Weight of Evidence.*—Where there is some evidence upon every material question necessary to sustain the finding of the court, the same will not be disturbed on appeal.

From the Marshall Circuit Court.

*A. C. Capron* and *W. B. Hess,* for appellants.

*I. P. Gray, P. Gray, J. D. McLaren* and *E. C. Martindale,* for appellee.

MILLER, J.—This was an action brought by the appellee against the appellants for the foreclosure of a mortgage executed by them to him for the sum of $7,000.

The defendant Marion Balue answered: 1st. That the note and mortgage were executed without any consideration whatever. 2d. That he admits the execution of the note and mortgage sued on, but says that the consideration for which they were executed has wholly failed in this: That the defendant was the owner of the land described in the mortgage, and desired to borrow the sum of $7,000; that the plaintiff undertook to procure a loan for that amount on the note and mortgage for the defendant; that for the purpose of enabling him to do so the defendant, joined by his wife, executed the note and mortgage in suit, and placed the same in plaintiff's hands for the purpose of being negotiated to procure said loan. But defendant says that plaintiff did not pay this defendant, or any other person for him, anything whatever on said note and mortgage, nor did he procure for defendant any money or loan of any kind on said note or mortgage, nor did he negotiate said note and mort-

gage, but, on the contrary, he has held the note and mortgage in his own possession, and has now wrongfully brought this action thereon.    Wherefore, he says that the consideration has wholly failed, and he demands judgment.

The plaintiff replied by a general denial of each and every allegation contained in the answer.

A trial by the court resulted in a finding and judgment against the defendants for the full amount of the note.

The defendant asked for a new trial, assigning as causes therefor :    That the finding of the court is not sustained by sufficient evidence ; that the finding of the court is excessive in amount.

Error of law occurring on the trial and excepted to at the time by the defendant, in this, to wit, the court erred in allowing the plaintiff to testify to the sum of money paid by him upon the mortgage known as the Ray mortgage.    The court erred in allowing plaintiff to introduce evidence tending to prove that after the execution of the note and mortgage he had paid certain sums of money in extinguishment of certain liens, taxes, water rents, and to complete the buildings on certain lots in Chicago, known as the Van Buren and Clinton street property, which property the plaintiff had purchased of this defendant in April, 1889.

Evidence was introduced on the trial of the cause by the appellant tending to sustain the defence pleaded in his second paragraph of answer.    At the conclusion of the evidence introduced by the defendant the plaintiff was placed upon the witness-stand and permitted to testify, under the reply of general denial, in substance, as follows :

That the execution of the note and mortgage was not made to enable the plaintiff to procure a loan for the benefit of the defendant, but was executed to protect the plaintiff from loss on account of the mortgage and certain other claims which were or might become liens against certain property in Chicago which the defendant had conveyed to him, as well as to secure some prior loans made by the plaintiff to the defend-

ant ; that the defendant failed to pay the mortgage, and the plaintiff had been compelled to pay a large sum of money in partial extinguishment of the claim, and also that he had been compelled to pay a sum of money on account of liens, taxes, water rents, and for the completion of a building which the defendant had agreed to complete, aggregating in all a sum of money in excess of the amount of the note and mortgage in suit.

The appellant contends that, under the reply of general denial, the only evidence that was admissible was such as tended directly to meet the evidence introduced by the defendant, and that a special reply was necessary to enable the plaintiff to show what had been done by him under the contract which he testified was the one entered into between the parties.

In this we think the appellant is in error. The plaintiff under a reply of general denial is not confined to negative proof in denial of the facts stated in the answer, but may introduce proof of facts independent of those alleged in the answer, but which are inconsistent therewith, and tend to meet and break down his defence. If the plaintiff admitted the facts stated in the answer, and was seeking to avoid them, by new matter, an affirmative pleading would have been necessary. 1 Works Pr., sections 579, 685.

The defendant, in his answer, alleged not only that the plaintiff did not procure a loan on the note and mortgage for the defendant, but that " plaintiff did not pay this defendant or any other person for him any thing whatever," and by his evidence went into that subject. This opened the door and permitted the plaintiff to give his version of the matter.

We are satisfied that the court did not err in receiving the evidence mentioned in the motion for a new trial.

Some other rulings of the court in the admission and rejection of evidence are complained of, but as they were not assigned as causes for a new trial, we can not consider them.

Assigning the rulings of the court in passing upon questions of the admissibility of evidence as error in this court does not bring them before us for review.

The appellant insists that the finding of the court was without the evidence. We have examined the record, and find that there was some evidence upon every material question necessary to sustain the finding. If the case was before us in such manner as to enable us to weigh the evidence, we would probably have arrived at a conclusion at variance with that of the circuit court, but we can not weigh evidence. *Isler* v. *Bland*, 117 Ind. 457 ; *McCarty* v. *State*, 127 Ind. 223.

We have examined this case upon the assumption that the substituted bill of exceptions is properly in the record. The conclusion at which we have arrived does not render it necessary for us to, and we do not, decide that question.

Judgment affirmed.

Filed Oct. 17, 1891; petition for a rehearing overruled April 28, 1891.