CYNTHIA H. HAWKINS AND JESSIE B. HAWKINS, *as Administrators, etc.*, v. LIZZIE H. KING *et al.*

**No. 11,754.**    (64 Pac. 32.)

NOTE AND MORTGAGE—*Limitation of Action.* In an action against a husband and wife to foreclose a mortgage executed by both on the wife's property, a payment made by the husband was relied on to take the note out of the statute of limitations. The wife pleaded that she was surety only on the note, and that the pay-ments were not made by her or for her or with her knowledge or consent. The plaintiffs replied that the money obtained on such note and mortgage was used to pay a valid lien on the wife's property. *Held*, error for the court to exclude evidence tending to support such reply.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed March 9, 1901. *In banc.* Re-versed.

*Bishop Crumrine*, and *J. G. Slonecker*, for plaintiffs in error.

*Quinton & Quinton*, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : This was an action on a note signed by both defendants and to foreclose a mort-gage securing the same. The petition was an ordi-

nary one in foreclosure.  The note, by its terms, was more than five years past due.  The petition set up several payments on the note which were relied on to take it out of the statute of limitations.  The separate answer of Lizzie H. King set up that she received none of the consideration for which the note and mortgage were given ; that the mortgage was on her separate property ; that the payments pleaded were not made by her, or with her knowledge or consent, and that, if made at all, they were made by her co-defendant, James L. King.  The reply of the plaintiffs contained the allegation that the mortgage was given to take up and pay off other prior mortgages given by defendants, which had been placed on the property for the purpose of procuring money for the erection of buildings upon said premises, giving the names of the mortgagees.

The issue sought to be raised by these pleadings was whether Lizzie H. King, the wife, was principal or surety on the note, the theory being that, if a surety, a payment made by the principal would not toll the statute as to her.  The court below evidently tried the case on that theory.

Upon the trial of the case, which was had before the court without the intervention of a jury, plaintiffs introduced as a witness the man who, as agent for the mortgagee, had made the loan, and he was permitted to testify that there was a mortgage of $2000 on the premises at the time the loan was made to the defendants. He was asked, "Who was the mortgagee in that mortgage ?"  This question was objected to by the defendants as being incompetent, irrelevant, and immaterial, which objection was sustained by the court, to which ruling plaintiffs excepted.  Plaintiffs then asked the same witness : "Did you pay off that mort-

gage out of this loan?'' To this question a like objection was made and sustained, with exceptions by plaintiffs. The action of the court in this particular is the first error alleged by the plaintiffs in error.

This action of the court was prejudicial error, for which the case must be reversed. The issues made on the pleadings are quite clear. The defendant Lizzie H. King was defending on the ground that she was a surety. If, however, the facts set up in plaintiffs' reply were true, and the money obtained on the mortgage was used, in whole or in part, to pay a subsisting lien created for the benefit of Lizzie H. King, there was sufficient consideration to sustain this note and mortgage, and make her a principal therein, and we see no reason why the evidence tendered was not perfectly competent and material to that issue. If the evidence offered had been admitted and had shown that Mrs. King's real estate had been relieved from subsisting liens created by her for her benefit, then she was not a mere surety for her husband, but was jointly liable on the note and mortgage with him — at least to the extent to which her property was encumbered. The rule laid down in the encyclopedia (24 A. & E. Encycl. of L., 1st ed., 720) meets with our entire approval. It is this: ''Where a wife executes a mortgage, not to secure her husband's debt but to benefit her separate estate, she will not be regarded as a surety.'' See, also, *Vogel v. Leichner*, 102 Ind. 55, 1 N. E. 554.

This is a material question, and meets us at the outset. The decision of the court is that prejudicial error was committed by the court below in excluding the evidence offered, and we are compelled to reverse the case and remand it for a new trial. In doing so, we do not look into the other alleged errors in the

case; nor do we decide that, if it is finally determined that Mrs. King is only a surety, she or her property will or will not thereby be relieved from the payment of the note and mortgage. The case will be reversed, and remanded for further proceedings.