## Indianapolis Brewing Company *v.* Behnke.

[No. 5,994.    Filed April 30, 1907.    Rehearing denied October 9, 1907.    Transfer denied February 20, 1908.]

1. Husband and Wife.—*Contracts.—Disabilities.—Estoppel.*—A married woman cannot alone contract to sell or mortgage her real estate, or to become a surety; but she is bound by an estoppel *in pais.*    p. 291.
2. Same.—*Account.—Suretyship.—Bills and Notes.*—A married woman who executes a note in payment of her husband's open account is a surety only.    p. 291.
3. Pleading.—*Complaint.—Mortgages.—Foreclosure.—Husband and Wife.—Suretyship.*—A complaint for the foreclosure of a mortgage on the wife's land must show that the debt sued upon was not one of suretyship.    p. 292.
4. Estoppel.—*Husband and Wife.—Suretyship.—Notes.—Mortgages.*—A wife is not estopped to show that she was a surety only upon a mortgage executed by her to a brewing company in payment of her husband's beer account, even though she gave such company an affidavit that the money taken in at the husband's saloon was partly used in payment of the building and loan dues upon such property, there being no deceit practiced by her.    p. 292.

From Superior Court of Marion County (66,407); *John L. McMaster,* Judge.

Suit by the Indianapolis Brewing Company against Helena Behnke. From a decree for defendant, plaintiff appeals. *Affirmed.*

*Baker & Daniels,* for appellant.

*Franklin McCray,* for appellee.

COMSTOCK, J.—Appellant, Indianapolis Brewing Company, sued appellee, Helena Behnke, to foreclose a mortgage on appellee's real estate, made by her and her husband to appellant to secure the payment of a promissory note made by them to the appellant. A separate demurrer for want of sufficient facts to the complaint, by Helena Behnke, was sustained. Appellant then dismissed the cause as to the defendant's husband, and elected to stand upon said demurrer sustained to plaintiff's complaint, and not to plead further herein. It was therefore adjudged by the court that the plaintiff, as against the defendant, Helena Behnke, take nothing by its complaint, and that she recover of and from the plaintiff her costs.

The only error assigned is the action of the court in sustaining the demurrer of Helena Behnke to the complaint.

Omitting introductory matter, the complaint, in substance, alleges, that on and before January 6, 1898, defendant, Charles Behnke, was indebted in the sum of $800 upon an open account for beer sold and delivered to him by plaintiff; that plaintiff was at and before said date pressing said Charles Behnke for payment; that said Helena Behnke and Charles Behnke requested plaintiff to accept the note of said defendants and a mortgage to be executed by them upon certain real estate in Marion county, then owned by said Helena Behnke, to secure said proposed note; that they and plaintiff both knew at that time that said Helena Behnke, being a married woman, could not make a mortgage to secure her husband's debts, if she had not received the benefit of the money so owing; that said Helena Behnke, at that time and for a long time before, was in business, the

owner of and conducting a boarding house in Indianapolis, and said Charles Behnke was, during all of that time, the owner of and conducting on the same premises and in con-·nection with said boarding house a retail liquor saloon, wherein was sold and retailed the beer so sold to him by plaintiff; that on the day said mortgage was acknowledged and delivered, namely, January 6, 1898, said Helena Behnke, to induce this plaintiff to extend the time of payment of said debt, and to accept her note and mortgage securing it, being the note and mortgage in suit, executed and delivered to this plaintiff an affidavit in substance as follows: Helena Behnke, being duly sworn, on her oath says that she is the owner in fee simple of certain lots in the city of Indianapolis (describing them); that the same are without encumbrance, except the taxes for 1897, and except two mortgages to the Aetna Savings & Loan Association for $3,800, part of which has been paid, and a mortgage to the Indianapolis Brewing Company for $200; said mortgages are recorded in the proper records of Marion county, Indiana; that within the past thirty months her husband, to her knowledge, arranged verbally with said Indianapolis Brewing Company that it should allow his bill for beer bought of said brewing company to run unpaid, that he might allow this affiant, his wife, to use the proceeds of the saloon and boarding house business, which the affiant and her husband conducted on said lot, in payment of her dues, interest and premium accruing on said association mortgages, and might allow this affiant to use other parts of such proceeds in the improvement of her property, namely, the erection thereon of a wind-pump, pipes and tanks connected therewith; that, under that arrangement, said beer bill has accrued, within the last twenty-eight months, and is now unpaid in more than $800; that the proceeds of the sale of said beer have, in more than that sum, been expended in that time by affiant in the payment of her said dues, interest and premiums due on her said building associa-

tion loans, and over $150 thereof expended by affiant for said pump, tank and piping on said lots; that affiant desires to secure said debt to said brewing company, which she considers under the circumstances her debt, as she received the whole benefit of it, and therefore makes this affidavit and offers to give said brewing company her note for $800, with her said husband as surety thereon, secured by a mortgage on her said five lots, dated January 5, 1898, and due on or before two years from date, with six per cent interest and ten per cent attorneys' fees, and executed by her and her husband.

The complaint further alleges that the plaintiff, believing the several statements of said affiant to be true and relying upon their truth, thereupon extended the time of payment of said debt, and for it accepted from said Helena Behnke the promissory note, with said Helena as principal and said Charles as surety thereon and the mortgage of said Helena and Charles securing the same; that it is still the owner of the note and mortgage, and that the same is past due. Plaintiff asks that the mortgage be foreclosed and the real estate sold to pay the amount due plaintiff. Copies of the note and mortgage are incorporated in the complaint.

A married woman may contract as a *femme sole,* except in such cases as the statute forbids. Section 6960 Burns 1901, §5115 R. S. 1881, provides: "All the legal

1. disabilities of married women to make contracts are hereby abolished, except as herein otherwise provided." The exceptions which constitute the express restraints upon her not to contract, are that she cannot alone convey or mortgage her real estate and that she cannot become a surety. §§6962, 6964 Burns 1901, §§5117, 5119 R. S. 1881. Under the statute (§6962, *supra*) she is bound by an estoppel *in pais* like any other person. Where the husband is indebted in the form of an open account, and

2. his wife executes her mortgage on her separate real estate to secure the payment of such debt, she is a

surety only.    *Vogel* v. *Leichner* (1885), 102 Ind. 55; *Andrysiak* v. *Satkoski* (1902), 159 Ind. 428; *Field* v. *Campbell* (1905), 164 Ind. 389, 108 Am. St. 301.

In a suit upon a note and mortgage executed by husband and wife, the rule in this State is that if it appears from the allegations in a complaint that the mortgage is 3. upon the separate real estate of the wife, it must also be shown by the proper allegations that the contract was one the wife had the power to make.    In other words, that she was principal and not surety, or the complaint will not be sufficient to withstand a separate demurrer of the wife for want of facts.    *Chrisman* v. *Leonard* (1890), 126 Ind. 202, and cases cited; *Vogel* v. *Leichner, supra; Cupp* v. *Campbell* (1885), 103 Ind. 213.

It appears from the complaint that on January 6, 1898, Charles Behnke, husband of appellee, was indebted to appellant upon an open account in the sum of $800, 4. for beer sold and delivered by appellant to him.    Appellee at that date executed to appellant the note in suit for said indebtedness as principal and her husband as surety, and at the same time she and her husband executed a mortgage on her separate real estate to secure the payment of said note.    The debt for which the note was given was of long standing and had been contracted solely by appellee's husband.    These facts all clearly appear from the complaint, and were all known at the time to appellant. Whether the appellee was principal or surety on the note in suit would not depend upon the form of the contract, and, if the debt was in fact her husband's, her sworn statement to one who knew the facts, that she regarded the debt as her own, would not change the character of her obligation.    The only question, then, is whether appellee, by her conduct, is estopped to deny that she was principal and not surety on the note in question.    In *Simpson* v. *Pearson* (1869), 31 Ind. 1, the Supreme Court said.    "But one who insists upon the acts of another as working an estoppel must show

that he acted upon the same, and was influenced thereby to do some act which would result in an injury if that other is permitted to gainsay or deny the truth of what he did. For it is a well-settled rule in such cases, that no man can set up another's act or declaration as the ground of an estoppel, unless he has himself been misled or deceived by such act or declaration." See, also, *Cook* v. *Walling* (1889), 117 Ind. 9, 2 L. R. A. 769, 10 Am. St. 17. How was appellant misled or deceived by the conduct or declarations of appellee? Appellant knew that the debt in suit was the husband's; that appellee owned the real estate in fee simple; that the beer had been sold and delivered to the husband a long time before the execution of the note. It appears from the complaint that, within the thirty months preceding the execution of the note and mortgage, appellee's husband arranged, with the knowledge of appellee, with the brewing company that it would allow his bill for beer bought of said company to run unpaid that he might allow his wife to use the proceeds of the saloon and boarding house business in paying certain building association dues and for the improvement of her property, namely, the erection of a wind-pump; that, under that arrangement, said beer bill has within the last twenty-eight months accrued, and is now unpaid in more than $800; that appellee made no agreement with the brewing company, and had no dealings with it; that when the beer was sold and delivered to the husband it became his property, and he could do what he chose with the proceeds; that appellant had knowledge of the facts set out in the affidavit of appellee; that whatever proceeds arising from the sale of the beer and received by her had been given to her by her husband before the execution of the note; that if benefits accrued to her by reason of an arrangement made between her husband and appellant, she not being a party to it, the arrangement will be presumed to be for the benefit of the parties to the agreement; that the affidavit shows no misrepresentation upon

the part of appellee by which appellant was induced to believe in the existence of certain facts, which if they are now made to appear different from what they were represented to be, would cause substantial injury to appellant.

It clearly appears that appellee executed the note with full knowledge upon the part of appellant that she was surety, and that she made no misrepresentation which did, or was calculated to, mislead appellant to its injury.

Judgment affirmed.