TRINKLE ET AL. v. LADOGA BUILDING LOAN FUND AND SAVINGS ASSOCIATION.

[No. 9,416. Filed October 30, 1917.]

1. PRINCIPAL AND SURETY.—*Suretyship.*—*Nature of Obligation.*—A surety is one who becomes bound simply for the accommodation of his principal and receives no consideration for the favor he bestows, the test of suretyship being the receipt of the consideration. p. 422.

2. HUSBAND AND WIFE.—*Loans.*—*Wife as Principal.*—In an action against husband and wife to recover on a promissory note and to foreclose a mortgage, if the money was paid to her and her husband, and was used by them to purchase real estate held by them jointly as tenants by the entireties, she is not a surety but a principal. p. 422.

3. HUSBAND AND WIFE.—*Liability on Notes.*—*Judgment.*—Where a husband and wife received the consideration for their promissory note jointly, and applied it on the purchase price of realty held by them by the entireties, the lender is entitled, in an action on the note and to foreclose a mortgage, to a judgment against both husband and wife and to a decree of foreclosure against the real estate. p. 422.

4. PLEADING.—*General Denial.*—*Evidence Admissible.*—In an action to recover on a promissory note, all the facts pleaded in plaintiff's reply tending to contradict defendant's claim that she is surety for her husband were admissible under the general denial. p. 423.

5. APPEAL. — *Review.* — *Ruling on Demurrer.* — Where a paragraph of reply, to which a demurrer was overruled, pleaded facts admissible under the general denial, and also invoked the principle of estoppel, and the theory of the court's general finding for plaintiff cannot be ascertained, the court on appeal must determine the sufficiency of the reply on the theory of estoppel before it can say whether the ruling on defendant's demurrer was harmless. p. 423.

6. ESTOPPEL.—*Pleading Specially.*—Matters in estoppel must be pleaded specially. p. 423.

7. HUSBAND AND WIFE.—*Notes.*—*Wife as Surety.*—*Liability.*—Generally, an obligor cannot plead suretyship as against the obligee unless the latter had notice of the fact of suretyship at

Trinkle *v.* Ladoga Building, etc., Assn.—65 Ind. App. 415.

the time of entering into the contract, but where the obligor is a married woman, one who contemplates loaning money to her is bound to make inquiry concerning the facts bearing on the question of suretyship. p. 423.

8. HUSBAND AND WIFE.—*Loan to Wife.—Suretyship.—Duty of Obligee to Make Inquiry.*—Where one contemplating loaning money to a married woman makes due inquiry, in good faith, to ascertain whether the money is to be for her use and benefit, he may rely on her representations that she is not a surety. p. 424.

9. HUSBAND AND WIFE.—*Loans to Wife.—Statute.—Scope and Applicability.*—Section 7856 Burns 1914, Acts 1903 p. 394, providing that a married woman who executes and delivers her promissory note or other evidence of indebtedness for the purpose of securing a loan, and states under oath that the money is to be for her own separate use or the betterment of her property or separate business, shall not be permitted thereafter to claim that such loan was made for the use and benefit of any person other than herself, has no application to transactions wherein the proceeds of a loan to a married woman are not paid in cash, or by check or draft payable to her order. p. 425.

10. HUSBAND AND WIFE.—*Loan to Wife.—Statute.—Construction.*—Section 7856 Burns 1914, Acts 1903 p. 394, providing that when a married woman shall borrow money on her note and the proceeds of the loan shall be paid to her in cash, or by check or draft payable to her order, and she makes affidavit that the money is for her own use, she shall not be permitted to thereafter claim that the loan was made for the use and benefit of any person other than herself, is, within its scope, merely declaratory of the common law, and does not abrogate the prior statute (§7853 Burns 1914, §5117 R. S. 1881), providing that a married woman shall be bound by an estoppel *in pais* like any other person. p. 425.

11. HUSBAND AND WIFE.—*Loan to Both.—Wife's Liability.— Wife's Representations.—Estoppel.*—Where a married woman, for the purpose of inducing another to grant her a loan, makes representations in an affidavit to the effect that the money is for her own use and benefit and that she is not a surety, and her representations are acted upon in good faith, she is estopped thereafter from setting up that she is surety and therefore not liable, even though the transaction does not come within the provisions of §7856 Burns 1914, Acts 1903 p. 394, relating to loans to married women. p. 425.

From Montgomery Circuit Court; *Jere West*, Judge.

Action by the Ladoga Building Loan Fund and Savings Association against Christopher C. Trinkle and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Albert D. Thomas, Andrew N. Foley* and *Nina Lindley,* for appellants.

*Robert W. Marks* and *Chase Harding,* for appellee.

DAUSMAN, J.—Appellee instituted this action to recover on a promissory note and to foreclose a mortgage given to secure the note, both instruments having been executed by appellants Christopher C. Trinkle and his wife, Alice Trinkle. Appellant Everett Harris was made a party for the sole reason that he was occupying a building on the real estate described in the mortgage as tenant of the Trinkles.

Alice Trinkle filed her answer in two paragraphs, the substance of which is that at the time of the execution of the note and mortgage she was the wife of Christopher C. Trinkle; that she and her husband then were, and ever since have been, the owners of said real estate as tenants by the entireties; that no part of the consideration for the note and mortgage was paid to her in cash or by check or draft payable to her order; that no part of said consideration was for her separate use or for the betterment of her separate property or business, or for the joint use of herself and husband; that said note and mortgage were given for money borrowed by her husband, and that said money was paid over to him; and that she executed the note and mortgage as surety for her husband, and not otherwise.

To her answer the association filed a reply in three paragraphs, numbered 1, 2 and 5. The first is a general denial. The second paragraph is in the following words: "The plaintiff for a second and further para-

graph of its reply to the second and third paragraphs of the separate answer of the defendant, Alice Trinkle, herein, says that at the execution of the note and mortgage sued upon in the plaintiff's complaint, the defendant, Alice Trinkle, and her co-defendant, Christopher C. Trinkle, made an application to this plaintiff for a loan of seven hundred ($700.00) Dollars and for which loan made by this plaintiff to them said Alice Trinkle and her co-defendant, Christopher C. Trinkle, executed said note and mortgage in suit; that at the time of making said application the said Alice Trinkle and her co-defendant, Christopher C. Trinkle, made and filed therewith an affidavit, duly sworn to by each of them, before an officer authorized to administer oaths, and which said affidavit is in the words and figures following, to wit:

"Affidavit

" 'State of Indiana, Montgomery County, SS:
" 'Christopher C. Trinkle and Alice Trinkle being duly sworn upon their oaths say they are over 21 years of age. That they are the owners of the real estate proposed to be mortgaged by them to the Ladoga Building Loan Fund and Savings Association, to secure a loan of $700.00 situate in Montgomery County, Indiana, described in their application for a loan hereto attached, dated March 14, 1912, and that they are in possession thereof.
" 'Affiants further say that they have not conveyed said Real Estate or any part thereof. That they have not encumbered the same or any part thereof by mortgage, vendor's lien, mechanic's lien, lease or otherwise, except as hereinafter stated. That they have not become replevin bail. There are no judgments against them nor suits pending against them; that no judgment against them has been paid by surety or replevin bail. That the premises have not nor has any part thereof been sold upon any mortgage to the Congressional School Fund. That there is no unredeemed tax sale against the property or any part of it, nor sale

for street nor other municipal assessments. That the only encumbrance on the property is nothing.

" 'That the money obtained by said loan will be used to pay the purchase price of real estate conveyed to Christopher C. Trinkle and Alice Trinkle, his wife, as tenants by entirety. No part of said $700.00 will be used for the benefit of any other person except Alice C. Trinkle.

" 'That Christopher C. Trinkle and Alice Trinkle make this affidavit for the purpose of inducing the said Ladoga Building Loan Fund and Savings Association to make them a loan of $700.00.

" '(Signed)    Christopher C. Trinkle
" 'Alice Trinkle.

" 'Subscribed and sworn to by Christopher C. Trinkle and Alice Trinkle before the undersigned John Harrigan, a Notary Public in and for said County and State, this 16th day of March, 1912. (SEAL)    My Commission Expires April 7, 1914.' "

"The plaintiff says that it had no knowledge of the use to which said loan was to be put; that it knew nothing of the circumstances and condition of said Alice Trinkle and her codefendant, Christopher C. Trinkle; that relying upon said representations and believing them to be true, and believing that the said Alice Trinkle and her codefendant, Christopher C. Trinkle, were procuring said loan for the purpose of paying the purchase price of said real estate described in the plaintiff's complaint and that no part of said money was to be used for the benefit of her husband or any other person, but that the entire sum was to be used for the use and purpose set out in said affidavit, this plaintiff did make said loan to said Alice Trinkle and her codefendant, Christopher C. Trinkle, and took their mortgage and note therefor."

The substance of the fifth paragraph is as follows: That the Trinkles filed with the association their joint application for a loan of $700; that said application

was accompanied by their joint affidavit in which they stated, among other things:

"That the money obtained by said loan will be used to pay the purchase price of real estate conveyed to Christopher C. Trinkle and Alice Trinkle, his wife, as tenants by entirety. No part of said $700.00 will be used for the benefit of any other person except Alice Trinkle. That Christopher C. Trinkle and Alice Trinkle make this affidavit for the purpose of inducing the said Ladoga Building Loan Fund and Savings Association to make them a loan of $700.00."

That the association had no knowledge of the use to which said loan was to be put, other than as stated in said affidavit; that it knew nothing of the circumstances and condition of the Trinkles other than the information derived from their representations; that, relying upon their representations and believing them to be true, the association made said loan to them and took their note and mortgage therefor; that the Trinkles, at and prior to the procuring of the loan and prior to the execution of the note and mortgage, were represented by their agent Charles W. Ross; that in the negotiations the association had no dealings direct with the Trinkles or either of them and did not know either of them, but relied wholly upon the statements made by their agent and upon the statements contained in their said affidavit; that the Trinkles, through their said agent, represented to the association that the purpose in procuring the loan was to pay the purchase price of the real estate to be mortgaged by them, which real estate was owned by them jointly as tenants by the entireties; that at the request and under the directions of the Trinkles the money constituting the loan was paid to them jointly; that said payment was made by check payable "to the order of Chas. W. Ross, Agent, * * * For Completion of Loan, Christ. C. Trinkle and Wife";

that said check was in the sum of $684.95, being the full amount of the loan less the cost of procuring and examining an abstract of title and other incidental expenses, all of which the Trinkles had agreed to pay; that in truth said check was payable to the order of Alice Trinkle and Christopher C. Trinkle; and that the proceeds of said check were paid to the Trinkles by their agent and that they jointly received the full amount thereof and that it was actually used for the benefit of their joint real estate held by them as tenants by the entireties. Wherefore, plaintiff says that defendants, and each of them, are, by their acts and representations and the facts aforesaid, estopped," etc.

To the second and fifth paragraphs of reply Alice Trinkle demurred on the ground that neither paragraph states facts sufficient to avoid her defense. In the memorandum accompanying her demurrer two objections are pointed out, viz.: (1) That it is not averred that the money loaned was paid to Alice Trinkle in cash or by check or draft payable to her order; (2) that the reply affirmatively shows that the money loaned was not paid to Alice Trinkle in cash or by check or draft payable to her order, but was paid by check payable to the order of Charles W. Ross, agent. Her demurrer was overruled as to each paragraph. Christopher C. Trinkle filed his answer in which he averred the same facts averred in the answer filed by his wife, claiming that because the mortgage is void as to her it cannot be foreclosed against him. To his answer the association replied in two paragraphs, numbered 3 and 4. The third is a general denial, and the fourth avers the same facts averred in its second paragraph of reply to the answer of Alice Trinkle. To the fourth paragraph of reply Christopher C. Trinkle demurred on the identical grounds stated in the demurrer filed by his wife. His demurrer was overruled. The court made a general

Trinkle v. Ladoga Building, etc., Assn.—65 Ind. App. 415.

finding for the association, and rendered personal judgment against both the Trinkles and a decree of foreclosure. The overruling of each demurrer is assigned as error.

It will be observed that the fifth paragraph of the reply to the answer of Alice Trinkle has a double aspect. The facts therein stated controvert her claim that she executed the note and mortgage as surety for her husband, and they also invoke the equitable principle of estoppel. In disposing of the controversy between the parties the primary question to be determined by the trial court was, Did Alice Trinkle execute the note and mortgage as surety? The question of estoppel is entirely secondary; for if in truth she did not execute the note and mortgage as surety, then there is no occasion to invoke the principle of estoppel. Whether she is surety or a principal is to be determined from the facts. A surety is one who becomes bound simply for the accommodation of his principal and receives no consideration for the favor he bestows. The test of suretyship is the receipt of the consideration. If the money was paid to her and her husband, and was used by them to pay the purchase price of real estate held by them jointly as tenants by the entireties, then she is not a surety, but a principal. Harbaugh v. Tanner (1904), 163 Ind. 574, 71 N. E. 145; Union Nat. Bank v. Finley (1913), 180 Ind. 470, 103 N. E. 110. Under the facts averred in the reply she and her husband are joint principals. In contemplation of law each received the entire consideration and neither is surety for the other. Having received the consideration jointly, and having applied it on the purchase price of the real estate held by them by the entireties, the lender is entitled to a judgment against both husband and wife and to a decree of foreclosure against said real estate.

*Sharpe* v. *Baker* (1912), 51 Ind. App. 547, 96 N.E. 627, 99 N. E. 44; *Union Nat. Bank* v. *Finley, supra.* Now, it so happens that all the facts averred in said fifth paragraph tend to contradict the wife's claim that she is surety for her husband, and therefore they were all admissible under the general denial. *Balue* v. *Sear* (1891), 131 Ind. 301, 28 N. E. 707. At this point we might dispose of the controversy as to said fifth paragraph on the ground that since the facts alleged therein were admissible under the general denial she could not have been injured by the overruling of her demurrer thereto, were it not for the rule which requires that matter in estoppel must be specially pleaded. *Webb* v. *John Hancock, etc., Ins. Co.* (1903), 162 Ind. 616, 69 N. E. 1006, 66 L. R. A. 632. If the duplicity of said fifth paragraph had been pointed out and a separation required (Works' Practice §494), or if a special finding had been made, the situation would have been simplified. As it is, we cannot know on which theory the finding rests. Therefore we are called upon to determine whether the said fifth paragraph is good on the theory of estoppel. Assuming, then, that in truth she is surety for her husband, is she estopped from taking advantage of the fact of suretyship to the injury of the appellee? The estoppel, if any, must arise out of the fact that her conduct, by which she induced the association to make the loan, was of a character to mislead and deceive, and in fact did mislead and deceive the association. 2 Pomeroy, Eq. Jurisp. (3d ed.) §801 *et seq.*

The general rule is that an obligor cannot plead suretyship as against the obligee unless the obligee had notice of the fact of suretyship at the time of entering into the contract. But this rule does not apply where the obligor is a married woman.

One who contemplates loaning money to a married woman is bound to make inquiry concerning the facts bearing on the question of suretyship. But, having made due inquiry, he may rely on her statements and representations, and act accordingly. He is. not required to assume a sort of guardianship over her and see to it, at his peril, that the fund is ultimately and providently applied to her use and benefit. Of course, the transaction throughout, like any other transaction, must be characterized by good faith. *Vogel* v. *Leichner* (1885), 102 Ind. 55, 1 N. E. 554. This was the law when the legislature enacted the following statute, being §7856 Burns 1914, Acts 1903 p. 394: "That any married woman who shall hereafter execute her promissory note, bond or other evidence of indebtedness, and deliver the same to any person, firm or corporation for the purpose of securing a loan, and such person, firm or corporation shall make such loan and shall pay the proceeds thereof to such married woman in cash, or by check or draft drawn payable to her order, and such married woman shall state under oath in writing the purpose for which such borrowed money is to be used, and if such affidavit shall show the same to be for her own separate use or the betterment of her property, or separate business, she shall not be permitted thereafter to claim that such loan was made for the use or benefit of any person other than herself."

It appears from Alice Trinkle's answer, from said fifth paragraph, from the memorandum filed with the demurrer, and from the briefs of both parties, that this statute is the source of all the strife in this case. Counsel for appellants contend that the facts averred in said fifth paragraph do not bring the transaction within the statute, and that therefore there can be no estoppel. Counsel for the appellee contend that the facts averred therein do bring the transaction within the statute, and

further contend that said facts are sufficient to constitute an estoppel *in pais* regardless of the statute. The statute is narrow in its scope and has no application to transactions wherein the proceeds of the loan is not paid "in cash, or by check or draft drawn payable to her order." *Union Nat. Bank* v. *Finley, supra.* If the consideration for her obligation had been paid to her, in good faith, in the form of a certificate of deposit, or Liberty Bonds, or real estate, or any other kind of property, would her status thereby be altered?

What does the mere form in which the consideration happens to be passed have to do with the equitable principle of estoppel? Surely it must be held that this statute, within its scope, is merely declaratory of the law as announced by the Supreme Court prior to its enactment; that the legislature did not intend thereby to abrogate the law of estoppel in all cases not within the statute; and that the prior statutory declaration that a married woman "shall be bound by an estoppel *in pais* like any other person" still stands as the law of this state. §7853 Burns 1914, §5117 R. S. 1881; *Indianapolis Brewing Co.* v. *Behnke* (1907), 41 Ind. App. 288, 81 N. E. 119.

The main reason for enacting the statute forbidding married women to enter into contracts of suretyship was to prevent them from squandering their property as sureties for improvident husbands. *Harbaugh* v. *Tanner, supra.* But a married woman will not be permitted to use this disability (privilege) as a shield to protect her in the perpetration of fraud. She will be held to the same degree of honesty and fair dealing that is required of others. *Kelley* v. *York* (1915), 183 Ind. 628, 109 N. E. 772. Where for the purpose of inducing another to grant her a loan she makes representations concerning the matter of suretyship in the form of a solemn affidavit, and her repre-

sentations are acted upon in good faith, she cannot be permitted to avoid her obligation on the ground that her sworn statements are false, even though the transaction does not come within the provisions of §7856, *supra*. In view of the facts averred in said fifth paragraph, to permit the Trinkles to defeat the loan association would be a reproach to the law and a travesty on justice. We hold therefore that said fifth paragraph is good on the theory of estoppel, not because the transaction comes within said §7856, *supra*, but independently of said section.

From what we have said concerning said fifth paragraph, it follows that the facts averred in each of the second and fourth paragraphs of the reply are also sufficient to constitute an estoppel, regardless of the provisions of §7856, *supra*. The court did not err in any of the rulings on said demurrers.

Judgment affirmed.

NOTE.—Reported in 117 N. E. 542. Husband and wife: representations of wife, estoppel, 57 Am. St. 178; right to defend on ground of wife's suretyship in execution of incumbrance on property held by entireties to secure husband's debt, 66 L. R. A. 637. See under (7-10) 21 Cyc 1346.